ELMER RICHARD BECKMAN vs. COMMONWEALTH.

Middlesex. February 8, 1979. — April 12, 1979.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Supreme Judicial Court*, Superintendence of inferior courts. *Practice, Criminal*, Reciprocal discovery, Disclosure of evidence by defense.

In a proceeding under G. L. c. 211, § 3, by a defendant in a criminal case seeking relief from a trial judge's order allowing extensive and unprecedented reciprocal discovery by the Commonwealth, a single justice of this court should have afforded a hearing with opportunity for the parties to present briefs and arguments rather than summarily denying his request for relief. [811-813]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on July 27, 1978.

The case was considered by *Abrams*, J.

*Ellen Y. Suni* (*Michael R. Sobol* with her) for the plaintiff.

*William L. Pardee*, Assistant District Attorney, for the Commonwealth.

HENNESSEY, C.J. This is an appeal from a decision of a single justice of this court denying the plaintiff's request for relief pursuant to G. L. c. 211, § 3, and G. L. c. 231, § 118. The plaintiff Beckman now presses only his arguments relating to G. L. c. 211, § 3.

Beckman was indicted in May of 1978 with six other persons by the Middlesex county grand jury for various violations of the Massachusetts General Laws, including attempted arson, arson, accessory before the fact to breaking and entering in the nighttime, conspiracy to commit arson, and burning a building with intent to defraud.

Thereafter, the Commonwealth filed a "Motion for Reciprocal Discovery" seeking disclosure of the following materials: (1) all documents, papers, books, photographs, tangible objects, or copies of portions thereof, intended for use by the Commonwealth or by the defense as evidence at trial; (2) results or reports of physical or mental examinations, scientific tests or experiments, or copies thereof, within the possession, custody or control of the Commonwealth or of the defense which are intended for use as evidence at trial; (3) Beckman's written notice of alibi defense; (4) Beckman's written notice of insanity defense; (5) Beckman's written notice of intention to rely on an affirmative defense or a defense based on a license, claim of authority or ownership, or exemption; (6) names and addresses of witnesses whom the prosecution and the defense intend to call at trial. This motion was allowed by a Superior Court judge, and Beckman claimed an exception. Another Superior Court judge denied a similar motion of the Commonwealth as to another defendant, in so far as that motion concerned the matters disputed here.

Thereafter, Beckman filed a petition pursuant to G. L. c. 211, § 3, and c. 231, § 118, seeking review of the trial judge's order by a single justice of this court. Beckman requested an opportunity to present affidavits, oral argument, and a memorandum to substantiate his position. The single justice did not allow Beckman to present evidence or argue his case, but instead, issued an order which summarily denied his request for relief and stated that Beckman has "full appellate review in the event of a conviction." Beckman appealed to the full court.

Beckman now seeks relief under c. 211, § 3, only as to certain parts of the motion allowed in the trial court. We consider only the question whether the single justice should have afforded a hearing to Beckman with opportunity for the parties to present briefs and arguments. We think the better course would have been to afford such a hearing.

This court's power and duty of "general superintendence of all courts of inferior jurisdiction" is designed under the specific wording of G. L. c. 211, § 3, as amended through St. 1973, c. 1114, § 44, to "correct and prevent errors and abuses therein if no other remedy is expressly provided." We agree with Beckman's premises offered in this case that this power is used sparingly and that certain standards have been developed by the court to guide it in its exercise of discretion at the interlocutory stages of criminal proceedings. Thus, review will only be granted where there are substantial claims alleging violation of the appellant's substantive rights. See *Myers* v. *Commonwealth*, 363 Mass. 843, 844 (1973); *Barber* v. *Commonwealth*, 353 Mass. 236, 239 (1967). Most important, the error complained of must be irremediable so that an order for a new trial in the normal process of appeal will not put the defendant in statu quo. See *Whitmarsh* v. *Commonwealth*, 366 Mass. 212, 215 (1974), appeal dismissed, 421 U.S. 957 (1975); *Gilday* v. *Commonwealth*, 360 Mass. 170, 171 (1971).

Beckman does not argue against those parts of the trial judge's order which go no farther than this court has permitted in several cases in which we have approved reciprocal discovery, of a limited nature, in criminal proceedings. See *Blaisdell* v. *Commonwealth*, 372 Mass. 753 (1977) (notice of insanity defense and production of names and addresses of witnesses relevant thereto); *Commonwealth* v. *Edgerly*, 372 Mass. 337 (1977) (notice of alibi defense and production of names and addresses of witnesses relevant to that defense). *Commonwealth* v. *Lewinski*, 367 Mass. 889 (1975) (holding that a trial judge may condition the right of the defendant to secure statements of witnesses on reciprocal delivery by the defendant). However, Beckman correctly observes that the order in this case reaches well beyond anything we have previously sanctioned.

Beckman argues that a sweeping order of this nature is permitted, if valid at all, only if it is based on a compre-

hensive rule of court regulating reciprocal discovery. This principle has been expressed many times. See, e.g, *Gilday* v. *Commonwealth,* 360 Mass. 170, 172 (1971); *Moore* v. *State,* 105 Ariz. 510, 512 (1970). He argues that here we have a judge expanding prosecutorial discovery, and necessarily making important policy decisions, on a decisional and case-by-case basis. This argument is considerably weakened by the fact that the proposed Massachusetts Rules of Criminal Procedure have been published and widely distributed, and are presently scheduled to become effective on July 1, 1979. It can be argued that the trial judge's order in this case is not too sweeping, by analogy to rule 14 of the proposed rules. Nevertheless, we think that the better course would have been for the single justice to allow a hearing for examination of at least the questions of the conformity of the order to the proposed rule, and whether there are particular circumstances in this case which entitled Beckman to relief. The unprecedented nature of the controversy here, and the lack of uniformity in rulings by two judges as to the seven codefendants, lend credence to Beckman's claim of review by a single justice of this court. We express no opinion on the issue, as raised by Beckman in his brief, that even a discovery order premised on the proposed rule would violate his rights under the United States and Massachusetts Constitutions. Nor do we express an opinion as to whether that issue should be opened in the threshold hearing which we think Beckman should be afforded here. The case is remanded to the county court for further proceedings consistent with this opinion, and the matter should be advanced for speedy disposition, in light of the considerable delay already incurred in bringing the indictments to trial.

*So ordered.*