## COMMONWEALTH vs. CRAIG YELLE.

Suffolk. October 3, 1983. — January 4, 1984.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, & LYNCH, JJ.

*Rules of Criminal Procedure. Practice, Criminal,* Appeal by Commonwealth. *Supreme Judicial Court,* Superintendence of inferior courts. *Words,* "Motion for appropriate relief."

The Commonwealth had no right of appeal under either Mass. R. Crim. P. 15 (b) (1), or G. L. c. 278, § 28E, from the pretrial allowance of a defendant's motion pursuant to the rape-shield statute, c. 233, § 21B, to allow introduction of evidence respecting the victim's sexual conduct after her alleged rape, as tending to impeach her credibility on the issue whether she had consented to engage in sexual conduct with the defendant. [680-685]

A single justice of this court did not abuse his discretion in refusing to permit the Commonwealth interlocutory review under G. L. c. 211, § 3, of a pretrial evidentiary ruling made by the judge in a criminal case. [685-687]

PETITION filed in the Supreme Judicial Court for the county of Suffolk on March 7, 1983.

The case was heard by *Nolan,* J., and a motion for reconsideration or, alternatively, for treatment of the proceeding as one invoking the supervisory powers of this court under G. L. c. 211, § 3, was also heard by him.

After entry of orders by the single justice, the Commonwealth filed a petition for relief under G. L. c. 211, § 3, with the full court of the Supreme Judicial Court.

*Dianne M. Dillon,* Assistant District Attorney, for the Commonwealth.

*David P. Hoose* for the defendant.

LIACOS, J. On August 11, 1982, a Hampden County grand jury indicted the defendant, Craig Yelle, for assault and battery, indecent assault and battery, and forcible rape. These indictments arose out of an incident which allegedly

took place on June 30, 1982. Before trial, the defendant moved for the admission of evidence that the alleged victim had sexual intercourse with her boyfriend shortly after the alleged rape and before being examined at the Baystate Medical Center later the same day. G. L. c. 233, § 21B.[1] The defendant contended at a hearing before a judge in the Superior Court that this evidence was admissible (1) as a possible explanation for the physical condition of the alleged victim as found by the Baystate Medical Center, and (2) to impeach the credibility of the victim as to whether the alleged sexual assault was in fact consensual. The Commonwealth represented to the judge that it would not offer in evidence the hospital record indicating the presence of sperm in the victim's vagina and cervix on the evening of June 30, 1982. The Commonwealth did not, however, agree that it would not bring in evidence the fact that the victim sought medical treatment on the day of the alleged rape. The Superior Court judge allowed the defendant's motion on the ground that, in the view of the judge, notwithstanding G. L. c. 233, § 21B (the rape-shield statute), the defendant was entitled, as matter of constitutional right, to produce this evidence, since it was extremely relevant on the issue of consent with limited prejudicial effect on the victim.

---

[1] General Laws c. 233, § 21B, inserted by St. 1977, c. 110, provides: "Evidence of the reputation of a victim's sexual conduct shall not be admissible in any investigation or proceeding before a grand jury or any court of the commonwealth for a violation of sections twenty-two, twenty-two A, twenty-three, twenty-four and twenty-four B of chapter two hundred and sixty-five. Evidence of specific instances of a victim's sexual conduct in such an investigation or proceeding shall not be admissible except evidence of the victim's sexual conduct with the defendant or evidence of recent conduct of the victim alleged to be the cause of any physical feature, characteristic, or condition of the victim; provided, however, that such evidence shall be admissible only after an in camera hearing on a written motion for admission of same and an offer of proof. If, after said hearing, the court finds that the weight and relevancy of said evidence is sufficient to outweigh its prejudicial effect to the victim, the evidence shall be admitted; otherwise not. If the proceeding is a trial with jury, said hearing shall be held in the absence of the jury. The finding of the court shall be in writing and filed but shall not be made available to the jury."

The Commonwealth thereupon petitioned a single justice of this court pursuant to Mass. R. Crim. P. 15 (b) (1), 378 Mass. 882 (1979), and G. L. c. 278, § 28E, for relief from the Superior Court judge's ruling. On March 21, 1983, the single justice denied the petition on the ground that the defendant's motion was not one whose allowance the Commonwealth could appeal under Mass. R. Crim. P. 15 (b) (1) or G. L. c. 278, § 28E. The Commonwealth then moved the single justice to reconsider his order or, in the alternative, to treat the Commonwealth's original petition as one invoking jurisdiction under G. L. c. 211, § 3. On April 5, 1983, the single justice, on reconsideration, denied the petition for the reasons set forth in his March 21 order. The Commonwealth has now filed a notice of appeal from the single justice's April order[2] and petitions the full court under G. L. c. 211, § 3, to review the ruling of the Superior Court.

We conclude that the single justice was correct in his ruling that the order of the Superior Court judge was not one which the Commonwealth could appeal. We conclude, also, that he was not in error in refusing to exercise the extraordinary superintendence powers given by G. L. c. 211, § 3. Consequently, we do not address the Commonwealth's contentions that the Superior Court judge erred in allowing the defendant's motion to admit evidence of the victim's sexual conduct after the alleged rape.

1. *The single justice's denial of the Commonwealth's petition for relief under Mass. R. Crim. P. 15 (b) (1) and G. L. c. 278, § 28E.* We consider first the Commonwealth's rights under rule 15 (b) (1). Massachusetts Rule of Criminal Procedure 15 (b) (1) is entitled, "Right of Appeal Where Pretrial Motion to Dismiss or for Appropriate Relief Granted," and provides: "The Commonwealth shall have the right to appeal to the appropriate appellate court a decision by a judge granting a motion to dismiss a complaint or indictment or a motion for appropriate relief made pursuant to

---

[2] The Commonwealth's notice of appeal referred to the order as being of April 6, 1983. Clearly, it meant the order of April 5, 1983, the date of entry.

the provisions of subdivision (c) of rule 13." If the defendant's motion to admit evidence is properly classified as a "motion for appropriate relief" under the rule, the Commonwealth has a right to appellate review of the Superior Court judge's ruling allowing that motion. We conclude, however, that the defendant's motion was not a "motion for appropriate relief" within Mass. R. Crim. P. 15 (b) (1).

Rule 15 (b) (1) refers to motions for appropriate relief made pursuant to the provisions of Mass. R. Crim. P. 13 (c), 378 Mass. 871 (1979). Rule 13 (c) is entitled, "Motion to Dismiss or to Grant Appropriate Relief," and provides: "(1) All defenses available to a defendant by plea, other than not guilty, shall only be raised by a motion to dismiss or by a motion to grant appropriate relief. (2) A defense or objection which is capable of determination without trial of the general issue shall be raised before trial by motion." The defendant's motion clearly is not a motion relating to a defense under rule 13 (c) (1).

Even if the defendant's motion is considered an objection to the operation of the rape-shield statute, G. L. c. 233, § 21B, as a bar to the evidence, it is also true that the defendant's motion is not an objection within the meaning of rule 13 (c) (2). Rule 13 (c) is a restatement of former G. L. c. 277, § 47A (St. 1965, c. 617, § 1). See Reporters' Notes to Mass. R. Crim. P. 13 (c), Mass. Ann. Laws, Rules of Criminal Procedure at 262 (1979). Section 47A, prior to its amendment by St. 1978, c. 478, § 298, and St. 1979, c. 344, § 39, established as the pleadings in criminal proceedings the indictment or complaint and the pleas of not guilty, guilty, and nolo contendere. It abolished all other pleas, as well as demurrers, challenges to the array and to the manner of selection of grand or traverse jurors, and motions to quash. The statute provided that any defenses or objections which could have been raised before trial by one or more of these older forms of pleading, prior to the statute's effective date, should be raised only by a motion to dismiss or a motion to grant appropriate relief. Section 47A provided further that any defense or objection capable of determination

without the trial of the general issue might be raised before trial by motion, but that defenses and objections based on defects in the institution of the prosecution or in the indictment or complaint, other than a failure to show jurisdiction in the court or to charge an offense, might be raised *only* by motion before trial. It is apparent from the language of the statute that all of the defenses and objections referred to in it are defenses and objections which could have been raised by the abolished pleas, demurrers, challenges, and motions to quash. Since rule 13 (c) restates the statute, the reference to "[a] defense or objection" in its subdivision (2) is therefore to a defense or objection which could have been raised by the abolished forms. The defendant's motion in this case could not have been accomplished by any of the abolished forms and therefore was not made pursuant to rule 13 (c).[3] It cannot, then, be appealed under rule 15 (b) (1).

That the defendant's motion was not a motion made pursuant to rule 13 (c) (2) is apparent not only from the history of the rule but also from its language, which makes it mandatory to raise a defense or objection within its scope before trial. The Commonwealth stated in oral argument before us that it considered it to have been good practice for the defendant to bring his motion before trial. It made no claim that the defendant had to do so. If, however, the defendant's motion were governed by rule 13 (c) (2), he would have had to bring it before trial. The rape-shield statute,

---

[3] General Laws c. 277, § 47A, as amended through St. 1978, c. 478, § 298, and as appearing in St. 1979, c. 344, § 39, now provides: "In a criminal case, any defense or objection based upon defects in the institution of the prosecution or in the complaint or indictment, other than a failure to show jurisdiction in the court or to charge an offense, shall only be raised prior to trial and only by a motion in conformity with the requirements of the Massachusetts Rules of Criminal Procedure. The failure to raise any such defense or objection by motion prior to trial shall constitute a waiver thereof, but a judge or special magistrate may, for cause shown, grant relief from such waiver. A defense or objection based upon a failure to show jurisdiction in the court or the failure to charge an offense may be raised by motion to dismiss prior to trial, but shall be noticed by the court at any time."

G. L. c. 233, § 21B, though it provides for written motions for admission of evidence of specific instances of a victim's sexual conduct, does not require that they be made before trial. That the Legislature contemplated that such motions could be made at trial is apparent from the statute's provision that in a jury trial the hearing on such a motion should be held in the absence of the jury. If the defendant had waited until trial to bring his motion, the Commonwealth clearly could not have appealed its allowance under rule 15 (b) (1). The fact that he chose to bring it before trial should not change the Commonwealth's rights in the matter.

The Commonwealth also appealed under G. L. c. 278, § 28E.[4] That statute, as amended by St. 1972, c. 740, § 16, provided in part that an appeal could be taken, in a felony case, from a decision, order, or judgment of the Superior Court "(1) allowing a motion to dismiss an indictment or complaint, or (2) allowing a motion to grant appropriate relief under the provisions of section forty-seven A of chapter two hundred and seventy-seven." Massachusetts Rule of Criminal Procedure 15 (b), adopted on October 19, 1978, substantially restated G. L. c. 278, § 28E, as it then stood. See Reporters' Notes to Mass. R. Crim. P. 15 (b), Mass. Ann. Laws, Rules of Criminal Procedure at 336 (1979). Thus, rule 15 (b) (1) mirrored the part of G. L. c. 278, § 28E, quoted above, by referring to rule 13 (c), which in turn restated G. L. c. 277, § 47A. On June 30, 1979, the Legislature rewrote G. L. c. 278, § 28E, as part of an act conforming the General Laws to the Massachusetts Rules of Criminal Procedure, which were to take effect on July 1, 1979. See St. 1979, c. 344, title, preamble, and § 45. In place of the former language providing for an appeal from a decision allowing a motion to grant appropriate relief under

_____

[4] General Laws c. 278, § 28E, as appearing in St. 1979, c. 344, § 45, now provides in pertinent part: "An appeal may be taken by and on behalf of the commonwealth by the attorney general or a district attorney from the superior court to the supreme judicial court in all criminal cases from a decision, order or judgment of the court (1) allowing a motion to dismiss an indictmennt or complaint, or (2) allowing a motion for appropriate relief under the Massachusetts Rules of Criminal Procedure."

G. L. c. 277, § 47A, G. L. c. 278, § 28E, was amended to contain its present language providing for an appeal from a decision "allowing a motion for appropriate relief under the Massachusetts Rules of Criminal Procedure." In the same act, the Legislature rewrote G. L. c. 277, § 47A, to refer to the Massachusetts Rules of Criminal Procedure. See St. 1979, c. 344, § 39.

In *Commonwealth* v. *Therrien*, 383 Mass. 529 (1981), this court held that, since the amendment of the statute in 1979, the reference in G. L. c. 278, § 28E, to a motion for appropriate relief no longer refers only to pretrial motions. *Id.* at 534-535. The court held that, pursuant to § 28E, the Commonwealth may appeal from a postverdict allowance of a motion, filed under Mass. R. Crim. P. 25 (b) (1), for the entry of a required finding of not guilty. *Id.* at 536. *Therrien* is of no help to the Commonwealth in this case, however. Though this court in *Therrien* interpreted the term "motion for appropriate relief" in G. L. c. 278, § 28E, to refer to at least one nonpretrial motion, we did not expand the term to include all motions of whatever nature that might be decided prior to trial. If the Legislature had meant, in providing for the appeal by the Commonwealth of the allowance of motions for appropriate relief under the Massachusetts Rules of Criminal Procedure, to allow the Commonwealth to appeal the allowance of every motion filed by the defense before trial, it would not have provided separately within G. L. c. 278, § 28E, for the appeal by the Commonwealth of the allowance of a motion to dismiss an indictment or complaint. It would also not have provided separately within the statute for the appeal by the Commonwealth of a decision determining a motion to suppress evidence.

The defendant's motion was made pursuant to G. L. c. 233, § 21B. It was not, then, a motion under the Massachusetts Rules of Criminal Procedure and so could not have been, in the words of G. L. c. 278, § 28E, "a motion for appropriate relief under the Massachusetts Rules of Criminal Procedure." See Reporters' Notes to Mass. R. Crim. P. 13,

Mass. Ann. Laws, Rules of Criminal Procedure at 261 (1979).

The Commonwealth argues that a motion to admit evidence is the reverse side of a motion to suppress. A motion to suppress, however, is not a motion for appropriate relief. That the Legislature did not regard it as such is apparent from the separate provision in G. L. c. 278, § 28E, for motions to suppress. And the fact that a motion to admit is the reverse of a motion to suppress does not show, as the Commonwealth argues, that an appeal should be allowed in this case by analogy. It rather argues against the existence of a right under G. L. c. 278, § 28E, to appeal from the allowance of a motion to admit. The Commonwealth's right to appeal from certain pretrial rulings under G. L. c. 278, § 28E, is based on the fact that those rulings preclude a public trial and entirely terminate the proceedings. *Burke* v. *Commonwealth*, 373 Mass. 157, 161 (1977). The allowance of a defendant's motion to admit evidence does not, as the allowance of a motion to suppress so often does in practical effect, terminate the proceedings.

2. *The petition under G. L. c. 211, § 3.*[5] General Laws c. 211, § 3, states: "The supreme judicial court shall have general superintendence of all courts of inferior jurisdiction to correct and prevent errors and abuses therein if no other remedy is expressly provided . . . ." Since the Commonwealth has no right to appeal the decision allowing the defendant's motion in this case, it is arguable that it has no other remedy except a petition under G. L. c. 211, § 3.[6] "The fact that the Commonwealth has no other remedy does not

---

[5] The Commonwealth has filed an appeal from the denial of relief by the single justice, and also filed a petition for relief under G. L. c. 211, § 3, directly to the full court. The standard of review is the same under either procedure, namely, whether the single justice has abused his discretion. See *Commonwealth* v. *Dunigan*, 384 Mass. 1, 5 (1981).

[6] While we make this assumption for purposes of discussion, we note that the Commonwealth failed to seek to have the question reported pursuant to Mass. R. Crim. P. 34, 378 Mass. 905 (1979). This procedure remains available to the Commonwealth or to the trial judge, notwithstanding our disposition of this appeal.

make c. 211, § 3, review automatic, however. We have rarely allowed Commonwealth appeals of interlocutory matters under our supervisory powers." *Commonwealth* v. *Cook*, 380 Mass. 314, 319 (1980) (citing *Commonwealth* v. *McCarthy*, 375 Mass. 409, 414 [1978], and *Commonwealth* v. *Frado*, 372 Mass. 866, 866 [1977]). "We will review interlocutory matters in criminal cases only when 'substantial claims' of 'irremediable' error are presented, *Beckman* v. *Commonwealth*, 377 Mass. 810, 812 (1979), and only in 'exceptional circumstances,' *Gilday* v. *Commonwealth*, 360 Mass. 170, 171 (1971), where 'it becomes necessary to protect substantive rights,' *Barber* v. *Commonwealth*, 353 Mass. 236, 239 (1967)." *Cook, supra* at 320. We have never decided whether the Commonwealth is entitled to assert substantive rights under G. L. c. 211, § 3. See *Commonwealth* v. *Gaulden*, 383 Mass. 543, 550 (1981). We suggested in *Commonwealth* v. *McCarthy, supra* at 415 n.6, that the Commonwealth might be entitled to assert substantive rights under G. L. c. 211, § 3, "in a case which . . . showed that the judge acted arbitrarily, frivolously, with abuse of discretion, or contrary to law, in granting a new trial after a guilty verdict." We need not decide today the extent to which the Commonwealth may assert its own substantive rights under the statute. Suffice it to say that there is no showing on this record that the single justice has abused his discretion or acted arbitrarily, frivolously, or contrary to law.

The Commonwealth has taken the position that interlocutory review is necessary both to preserve the victim's right to privacy and to prevent the admission of evidence which is highly prejudicial and gravely compromises the Commonwealth's ability to meet its burden of proof. The right which the Commonwealth seeks to assert on its own behalf is presumably the right to present its case without the infection of the integrity of the fact-finding process by erroneously admitted, highly prejudicial, and irrelevant evidence. To accept this view would give to the Commonwealth a right to interlocutory relief as to every adverse evidentiary ruling

made by a trial judge. The Commonwealth's argument proves too much. General Laws c. 211, § 3, relief is not a means for second guessing a trial judge's evidentiary rulings. Whether evidence is legally relevant is a decision generally left to the trial judge, even when a case is before this court on appeal after trial. See *Commonwealth* v. *Blaney,* 387 Mass. 628, 633-634 (1982); *Commonwealth* v. *Chasson,* 383 Mass. 183, 187 (1981). Nor is there any language in G. L. c. 233, § 21B, which creates a right of interlocutory review of a judge's ruling on the admissibility of evidence of a specific instance of a victim's sexual conduct. Nor does G. L. c. 233, § 21B, create such a right in the victim either directly or by the Commonwealth's action. We note also that this record does not support a claim that the Commonwealth will be denied a fair trial by the ruling of the Superior Court judge, or that the victim will suffer undue prejudice. To accept the argument of the Commonwealth would be to create a potential for disruption of every criminal trial where a disgruntled prosecutor could cause the stay of the proceeding, pending appellate review of evidentiary rulings. Such a principle would hardly be consistent with the mandate of G. L. c. 211, § 3, that this court act "to correct and prevent errors and abuses" in the administration of justice or with our well-established practice of affording relief under that section "sparingly [and] '[o]nly in the most exceptional circumstances.' " *Commonwealth* v. *Dunigan, supra* at 5 (quoting *Gilday* v. *Commonwealth, supra* at 171). The single justice did not abuse his discretion in denying the Commonwealth relief, and the Commonwealth can therefore have no relief from the full court. See *Commonwealth* v. *Cook, supra* at 321; *Commonwealth* v. *Dunigan, supra* at 5.

The decision of the single justice is affirmed. The Commonwealth's petition for relief under G. L. c. 211, § 3, filed with this court, is denied.

*So ordered.*