COMMONWEALTH *vs.* WAYNE ANDERSON & another.

Suffolk.  September 14, 1987. — November 12, 1987.

Present: WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Appeal by Commonwealth, Motion to admit evidence.

Where a judge denied the Commonwealth's motion to admit a certain out-of-court statement in evidence at a criminal trial, the Commonwealth could not obtain interlocutory review of the judge's order by proceeding in this court under G. L. c. 211, § 3, nor was the order appealable by the Commonwealth under Mass. R. Crim. P. 15 (b) (2). [134-135]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on December 9, 1986.

The case was heard by *Liacos, J.*

*Robert N. Tochka,* Assistant District Attorney (*Philip T. Beauchesne,* Assistant District Attorney, with him) for the Commonwealth.

*Henry D. Katz* for Peter DiStasio.

*Alan Chapman* for Wayne Anderson.

ABRAMS, J. On June 28, 1985, a Suffolk County grand jury indicted the defendants, Wayne Anderson and Peter DiStasio, for larceny. The indictments arose out of the larceny from a Consumer Value Store (CVS) located in Revere's Northgate Shopping Mall. Before trial, the defendants moved to exclude a statement made by one Robert Silva, a Revere police officer, to Joseph Mirasolo, also a Revere police officer. In that statement, Silva allegedly told Mirasolo that Anderson and DiStasio stole merchandise from the CVS store while he (Silva) was present. The Commonwealth moved to admit Silva's statement through Mirasolo as a declaration against Silva's penal and pecuniary interest. A Superior Court judge ruled that Silva had a motive to falsify to exculpate himself from the underlying

felony. The judge reasoned that the statement therefore was hearsay and not admissible as a declaration against Silva's penal interest. The judge concluded that the defendants' motions to exclude Mirasolo's testimony as to Silva's statement should be allowed, and that the Commonwealth's motion to admit the statement should be denied.

The Commonwealth then sought interlocutory relief from a single justice of this court pursuant to G. L. c. 211, § 3 (1986 ed.). After hearing, the single justice ruled that relief pursuant to G. L. c. 211, § 3, was not appropriate, and further that, assuming relief was appropriate, the trial judge's ruling was "within his sound discretion and, hence, not subject to reversal." In the instant appeal, the Commonwealth does not allege error in the trial judge's original ruling that Silva had a motive to falsify[1] or the denial of relief under c. 211, § 3, from the original ruling.

Following the denial of its petition, the Commonwealth moved in the trial court to redact Silva's statement and admit only that part of the statement in which Silva admitted he was present at the CVS store during the larceny. The trial judge denied the Commonwealth's motion, and the Commonwealth again sought review by a single justice of this court. In this proceeding, the Commonwealth relied on Mass. R. Crim. P. 15 (b) (2), as amended, 397 Mass. 1225 (1986), as well as G. L. c. 211, § 3. The single justice treated the proceeding as a motion for reconsideration and denied it. The Commonwealth appeals. We affirm the order of the single justice.

We adhere to our view that c. 211, § 3, "is not a means for second guessing a trial judge's evidentiary rulings." *Commonwealth* v. *Yelle,* 390 Mass. 678, 687 (1984). We also conclude that the single justice correctly determined that the trial judge's denial of the Commonwealth's motion to admit evidence was not appealable pursuant to Mass. R. Crim. P. 15 (b) (2). A

---

[1] The trial judge in his order and memorandum of opinion discusses the principles by which he guided himself. The Commonwealth does not argue he was in error on the principles he applied. See, e.g., *Commonwealth* v. *Drew,* 397 Mass. 65 (1986); *Commonwealth* v. *Carr,* 373 Mass. 617 (1977). The parties do not dispute the fact that Silva was unavailable.

motion to admit is not the same as a motion to suppress and does not fall within Mass. R. Crim. P. 15 (b) (2). See *Commonwealth* v. *Yelle, supra* at 682-685. The denial of a motion to admit evidence falls under Mass. R. Crim. P. 15 (b) (1). See *id.* at 680-682. We add that, if a motion to *exclude* all or most of the Commonwealth's incriminating evidence is allowed, and if, as a practical matter, that ruling (if permitted to stand) would terminate the prosecution, the Commonwealth may seek leave to appeal pursuant to Mass. R. Crim. P. 15 (b) (2). See *Commonwealth* v. *Beausoleil,* 397 Mass. 206, 208 n.2 (1986) (pretrial exclusion of all or most of the Commonwealth's incriminating evidence has same practical effect as a motion to suppress).

Finally, the Commonwealth asserts that the judge had no discretion, but instead had to admit the redacted statement. We do not agree. Although the question of the admissibility of evidence is not before us, we note that the Commonwealth does not argue or even suggest that the judge did not consider the correct factors or that the principles of law he considered were erroneous. See note 1, *supra.* The judge found the statement not reliable, and that conclusion is within his discretion.

The order of the single justice is affirmed. Trial is to proceed in the Superior Court.

*So ordered.*