JEFFREY GRAND-PIERRE *vs.* COMMONWEALTH. December 14, 2011. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Dismissal.

Jeffrey Grand-Pierre appeals from a judgment of a single justice of this court denying his petition for relief under G. L. c. 211, § 3. We affirm the judgment.

Grand-Pierre has been charged, in the Boston Municipal Court, with unlawfully carrying a firearm in violation of G. L. c. 269, § 10 (*a*). He moved to

---

dismiss the complaint, contending that the statute violates his rights under the Second Amendment to the United States Constitution. The motion was denied. Grand-Pierre's G. L. c. 211, § 3, petition followed. The single justice denied relief, not on the merits of the motion to dismiss, but on the ground that the petition presented no claim of *otherwise irremediable* error and that Grand-Pierre would have to await final disposition of the criminal charge and then, if he is convicted, raise his claim on appeal. See *Beckman* v. *Commonwealth*, 377 Mass. 810, 812 (1979); *Burke* v. *Commonwealth*, 373 Mass. 157, 160 (1977).

"The denial of a motion to dismiss in a criminal case is not appealable until after trial, and we have indicated many times that G. L. c. 211, § 3, may not be used to circumvent that rule. Unless a single justice decides the matter on the merits or reserves and reports it to the full court, neither of which occurred here, a defendant cannot receive review under G. L. c. 211, § 3, from the denial of his motion to dismiss."[1] *Jackson* v. *Commonwealth*, 437 Mass. 1008, 1009 (2002), and cases cited. If Grand-Pierre is convicted, he will have a full opportunity to raise his constitutional claims, and to obtain relief, if warranted, in the ordinary appellate process.[2] Extraordinary relief was properly denied.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*David F. Segadelli* for the petitioner.

---

[1]We have recognized an exception where the petitioner raises a substantial double jeopardy claim. *Jackson* v. *Commonwealth*, 437 Mass. 1008, 1009 (2002). No such claim is presented here.

[2]Because Grand-Pierre's petition challenged an interlocutory ruling of the trial court, he was required, before filing a brief and record appendix, to file a preliminary memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which he did not do. The parties disagree over whether he was excused from the requirements of rule 2:21. In short, he was not, but our decision today does not turn on his failure to comply with the rule. The decision is based entirely on the brief that he filed. In his brief he completely failed to address the question of adequate alternative remedies, a striking omission given that the existence of an adequate alternative remedy was the very basis on which the single justice denied relief. The two cases on which he relies for the contention that we should address the substantive merits of his claim despite the single justice's refusal to do so — *Corey* v. *Commonwealth*, 364 Mass. 137 (1973), and *Myers* v. *Commonwealth*, 363 Mass. 843 (1973) — are readily distinguishable: in each case, the single justice reserved and reported the matter to the full court. See *Martin* v. *Commonwealth*, 451 Mass. 113, 119 (2008) ("Where the single justice has, in his discretion, reserved and reported the case to the full court, we grant full appellate review of the issues reported"). Here the single justice neither decided the matter on the merits nor reserved and reported it.