NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11840


COMMONWEALTH  vs.  AARON HERNANDEZ.


March 26, 2015.


Supreme Judicial Court, Superintendence of inferior courts.
     Homicide.  Firearms.  Evidence, Firearm, Relevancy and
     materiality.  Practice, Criminal, Capital case,
     Interlocutory appeal.


     The defendant is presently on trial in the Superior Court on indictments charging murder in the first degree and various firearms offenses.  The Commonwealth filed a motion in limine before trial seeking to establish the admissibility of testimony from a particular witness, Robert Paradis, as to certain conversations that he had with the defendant.  After the trial began, and after conducting a hearing on the motion that included a voir dire of Paradis, the trial judge denied the motion on February 18, 2015.  Nineteen days later, on March 9, 2015, the Commonwealth sought relief from a single justice of this court pursuant to G. L. c. 211, § 3.[1]  The single justice

_____

     [1] The Commonwealth did not include with its G. L. c. 211, § 3, petition copies of its motion in limine or the defendant's opposition to the motion.  Those papers were thus not a part of the record before the single justice.  In seeking relief pursuant to G. L. c. 211, § 3, it was the Commonwealth's burden, as a petitioner, to create a record that included all of the relevant pleadings, motions, and other parts of the trial court record pertaining to the disputed issue.  Gorod v. Tabachnick, 428 Mass. 1001, 1001, cert. denied, 525 U.S. 1003 (1998).  Nor did the Commonwealth provide a written transcript of the hearing on its motion.  It did provide a video recording, which we have viewed, of a portion of the hearing, which we are informed (by the defendant) was downloaded from www.youtube.com.

denied the petition on March 11, 2015.  Six days after that, on March 17, the Commonwealth filed a notice of appeal from the single justice's ruling, and on the following day, March 18, 2015, filed a memorandum in this court pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001).[2]  Pursuant to an order of this court issued the same day, the defendant then filed, on March 23, 2015, his response to the Commonwealth's memorandum.[3]  We have considered the papers, and, for the reasons that follow, affirm the decision of the single justice.

Proffered testimony.  Based on the voir dire of Paradis, he would have testified at trial that he was in California for several days with the defendant, as the defendant's guest, approximately six weeks prior to the murder of the victim.  While riding in an automobile being driven by the defendant, Paradis heard the defendant reference "heat" or "fire," and say that he had "heat" or "fire" under his seat, which Paradis took to mean that the defendant had a firearm under the driver's seat in the automobile.  Paradis also heard the defendant say that he had a ".45," the caliber weapon that was subsequently used to kill the victim in this case.

The defendant left California the day before Paradis.  That day, while on his way to the airport, the defendant called Paradis and asked him to check a dresser or nightstand drawer in a bedroom in the defendant's condominium unit where they had been staying to see if "it" was there.  In the drawer Paradis found a black T-shirt.  He picked up the shirt and felt something wrapped inside it.  Although he did not unwrap the shirt, he determined that what was wrapped inside was a firearm. He told the defendant that "it" was still there.  There is no indication that Paradis removed the items from the drawer (other than to pick up the T-shirt and feel what was wrapped inside).

---

[2] The Commonwealth also purported to refile its petition under G. L. c. 211, § 3, directly to the full court.  "The standard of review is the same under either procedure, namely, whether the single justice has abused his discretion.  See Commonwealth v. Dunigan, 384 Mass. 1, 5 (1981)."  Commonwealth v. Yelle, 390 Mass. 678, 685 n.5 (1984).  See Planned Parenthood League of Mass., Inc. v. Operation Rescue, 406 Mass. 701, 709 n.7 (1990).

[3] The defendant also filed a motion to expand the record. On March 24, 2015, the day after the defendant filed his papers, the Commonwealth filed an "opposition" to the defendant's response.

Discussion.  The Commonwealth has focused its submissions exclusively on the merits of the judge's ruling denying its motion in limine.  It has made no argument concerning the propriety of using this court's extraordinary power of general superintendence to seek review of that ruling.

It is true that the Commonwealth cannot obtain appellate review of the trial judge's ruling by means other than G. L. c. 211, § 3.  That, however, "is not dispositive of the question whether the use of G. L. c. 211, § 3, [is] appropriate in these circumstances."  Commonwealth v. Snow, 456 Mass. 1019, 1019 (2010).  "[T]he fact that the Commonwealth has no other remedy does not make [G. L.] c. 211, § 3, review automatic."  Commonwealth v. Richardson, 454 Mass. 1005, 1005 (2009), quoting Commonwealth v. Cook, 380 Mass. 314, 319 (1980).  The extraordinary power of general superintendence under the statute is meant for truly extraordinary situations.  To be sure, "[w]e have rarely allowed Commonwealth appeals of interlocutory matters under our supervisory powers," and we have said that "[w]e will review interlocutory matters in criminal cases only when 'substantial claims' of 'irremediable' error are presented . . . and only in 'exceptional circumstances' . . . where 'it becomes necessary to protect substantive rights.'"  (Citations omitted.)  Commonwealth v. Cook, supra at 319-320.  In particular, we have held that the extraordinary power of general superintendence is not to be used, as the Commonwealth seeks to use it here, simply to second guess a trial judge's routine evidentiary rulings:

> "To accept this view would give the Commonwealth a right to interlocutory relief as to every adverse evidentiary ruling made by a trial judge.  The Commonwealth's argument proves too much.  General Laws c. 211, § 3, relief is not a means for second-guessing a trial judge's evidentiary rulings. . . . To accept the argument of the Commonwealth would be to create a potential for disruption of every criminal trial where a disgruntled prosecutor could cause the stay of the proceeding, pending appellate review of evidentiary rulings.  Such a principle would hardly be consistent with the mandate of G. L. c. 211, § 3, that this court act 'to correct and prevent errors and abuses' in the administration of justice or with our well-settled practice of affording relief under that section 'sparingly [and] "[o]nly in the most exceptional circumstances"' (citations omitted)."

Commonwealth v. Yelle, 390 Mass. 678, 686-687 (1984).

The Commonwealth has not shown that this case presents the type of exceptional circumstances that required the single justice to employ the court's general superintendence power, or that require the full court to do so. To the contrary, the trial judge's ruling denying the Commonwealth's motion in limine and excluding Paradis's testimony was a routine ruling on a relatively routine evidentiary matter. Trial judges throughout the Commonwealth make rulings like this daily. It is a highly fact-specific, case-specific ruling, not one that is likely to have any wide-ranging impact beyond this case. Nor has the Commonwealth shown that the ruling is one that will prevent it from fairly prosecuting its case. In short, it is not something that compels consideration under G. L. c. 211, § 3.

In any event, as did the single justice before us, we have carefully reviewed the trial judge's ruling, the stated bases for her ruling, and the arguments presented by both sides. We discern no error. The judge's conclusion that, in essence, the prejudicial effect of the evidence in question outweighed its probative value was quintessentially a matter "'entrusted to [her] broad discretion and [will not be] disturbed absent palpable error.'" Commonwealth v. Sylvia, 456 Mass. 182, 192 (2010), quoting Commonwealth v. Simpson, 434 Mass. 570, 578-579 (2001). In particular, the judge determined that no basis existed to find that the firearm that Paradis felt wrapped in the shirt was the murder weapon. She acknowledged that the Commonwealth did not have to have direct evidence to this effect, but properly concluded that there had to be at least some evidence that the defendant had access to this weapon at the time of the murder in Massachusetts. There was no such evidence. Paradis's testimony demonstrates that the defendant left California without the weapon, and there was no other evidence suggesting that someone else brought the weapon, or that the defendant had it shipped, to Massachusetts. Furthermore, the judge's ruling was but one of numerous evidentiary rulings, related to but one piece of evidence, that she had made, and will continue to make, throughout the defendant's trial, including rulings on other firearm-related evidence. As the trial judge, she is best suited to determine what evidence is admissible, or not, and on what basis.

Conclusion. The Commonwealth has failed to demonstrate on appeal that the single justice committed a clear error of law or abused his discretion when he denied the Commonwealth's

petition.  The judgment of the single justice is therefore affirmed.

<u>So ordered</u>.

The case was submitted on the papers filed, accompanied by a memorandum of law.

<u>Roger L. Michel, Jr</u>., Assistant District Attorney, for the Commonwealth.

<u>Michael K. Fee</u> & <u>James L. Sultan</u> for the defendant.