NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-108

COMMONWEALTH

<u>vs</u>.

CHRISTIAN CEPEDA-ORTIZ.

<u>MEMORANDUM AND ORDER PURSUANT TO RULE 23.0</u>

In 2016, the defendant pleaded guilty in the Superior Court to two counts of armed robbery and one count of armed assault with intent to rob. On one of the armed robbery counts, the judge revised the original prison term to a three-year term of probation to run from and after the sentences on the other counts. In 2021, the defendant was released from prison and began his term of probation. In 2022, the defendant was charged in the District Court with new crimes, which led to the revocation of his probation and imposition of a sentence. On appeal, based on the doctrine of issue preclusion, he claims the judge should not have admitted a 911 telephone recording at his final probation surrender hearing. We affirm.

Under the doctrine of issue preclusion, sometimes referred to as collateral estoppel, a party is precluded from relitigating an issue when (1) the issue has been actually litigated and determined by a valid and final judgment in a prior adjudication; (2) the party against whom issue preclusion is asserted was a party, or was in privity with a party, in the prior adjudication; and (3) the issue decided in the prior adjudication was essential to the earlier judgment. Kobrin v. Bd. of Registration in Med., 444 Mass. 837, 843 (2005); Jarosz v. Palmer, 436 Mass. 526, 530-531 (2002). See Korn v. Paul Revere Ins. Co., 83 Mass. App. Ct. 432, 437 (2013). "Although the doctrine of collateral estoppel has its roots in civil proceedings, it also applies to criminal cases." Commonwealth v. Cabrera, 449 Mass. 825, 829 (2007).

Here, based on issue preclusion,[1] the defendant claims that the revocation judge erred by admitting the 911 telephone call as an excited utterance because the judge in the underlying District Court criminal case (trial judge) had excluded the same call when she denied the Commonwealth's motion in limine to admit it. We disagree.

---

[1] The parties dispute whether the defendant fairly raised issue preclusion at the final revocation hearing. Given that our resolution of the claim does not turn on the standard of our review, we need not resolve the matter.

The trial judge's allowance of the defendant's motion in limine is not a final judgment for purposes of issue preclusion. Rather, the judge's order is interlocutory, and Mass. R. Crim. P. 15 (a) (2), as amended, 476 Mass. 1501 (2017), does not give the Commonwealth the ability to apply for leave to appeal from the denial of a motion in limine where the order does not terminate the prosecution. See Commonwealth v. Arrington, 493 Mass. 478, 480 (2024); Commonwealth v. Anderson, 401 Mass. 133, 135 (1987).[2] Instead, in such situations, the appropriate avenue for the Commonwealth to seek interlocutory review of a ruling on a motion in limine is through a petition under G. L. c. 211, § 3. Arrington, supra. However, review under G. L. c. 211, § 3, does not constitute a right of appeal for purposes of collateral estoppel. Commonwealth v. Scala, 380 Mass. 500, 506-507 & n.8 (1980).

Furthermore, although not directly challenged by the defendant, we add that the 911 call evidence was properly admitted as an excited utterance and because it was reliable hearsay. See Commonwealth v. Durling, 407 Mass. 108, 121-122 (1990). See also Commonwealth v. Negron, 441 Mass. 685, 690-692 (2004) (evidence that does not constitute excited utterance may

---

[2] Even if Mass. R. Crim. P. 15 (a) (2) applied to motions in limine, and the Commonwealth could have sought leave to appeal, that "possibility was insufficient for collateral estoppel purposes." Cabrera, 449 Mass. at 830.

be admitted as reliable hearsay at probation revocation hearing).  Moreover, given the different standard applicable to the admission of hearsay evidence at a probation revocation hearing, the trial judge's ruling in the underlying criminal case was not the same issue presented in the probation revocation hearing, and for that reason as well it does not qualify for an issue preclusion bar.  See Krochta v. Commonwealth, 429 Mass. 711, 715-718 (1999) (collateral estoppel not available where proceedings have different burdens of proof).  Accordingly, the 911 call evidence was not subject to issue preclusion, and there was no error in its admission at the revocation hearing.

> Order dated April 8, 2022, revoking probation and imposing sentence, affirmed.
>
> By the Court (Meade, Englander & Hodgens, JJ.[3]),

*Paul Little*

Assistant Clerk

Entered:  June 12, 2024.

---

[3] The panelists are listed in order of seniority.

4