NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13914

IN THE MATTER OF AN IMPOUNDED CASE.


June 23, 2026.


Supreme Judicial Court, Superintendence of inferior courts.


The petitioner, who is the mother of two children who were
the subject of care and protection proceedings in the Juvenile
Court, appeals from a judgment of the county court denying her
petition for relief under G. L. c. 211, § 3, and for relief in
the nature of mandamus, relating to those proceedings.  We
affirm.

In 2022, a judge in the Juvenile Court found the petitioner
unfit and granted permanent custody of the children to the
Department of Children and Families.  The judge did not
terminate the petitioner's parental rights at that time.  The
Appeals Court affirmed in an unpublished decision, Care &
Protection of Ravenna, 105 Mass. App. Ct. 1114 (2025), and this
court denied further appellate review, 495 Mass. 1108 (2025).  A
review and redetermination proceeding took place, after which a
different judge terminated the petitioner's parental rights as
to the younger child, but not as to the older child.  No appeal
was taken at that time.  A few months later, the younger child
was adopted by his foster father and dismissed from the care and
protection case.  Shortly thereafter, the petitioner filed a
motion for relief from judgment pursuant to Mass. R. Dom. Rel.
60 (b) (rule 60 motion).  A third judge (motion judge) denied
the rule 60 motion.  Since then, the older child has reached the
age of eighteen, and the care and protection case has therefore
been dismissed.

In her petition, which she filed in the county court
shortly before the older child's eighteenth birthday, the

petitioner sought extraordinary relief relating to the care and protection proceedings.  Specifically, she requested that the single justice vacate and declare void the adoption decree as to the younger child; issue a writ of mandamus compelling the Juvenile Court to rule on the rule 60 motion;[1] stay all placement changes as to the older child; impound the younger child's passport; and appoint a special master.  The single justice denied relief without a hearing on the grounds that the petitioner had an adequate remedy in the ordinary process and that relief in the nature of mandamus was not warranted.

The petitioner has filed a memorandum and appendix[2] pursuant to S.J.C. Rule 2:21 (2), as amended, 434 Mass. 1301 (2001), which requires a party challenging an interlocutory ruling of the trial court to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."  Passing the question whether the rule applies here, the petitioner has not persuaded us that she lacked a remedy in the ordinary course of appeal.  She claims that the motion judge delayed ruling on the rule 60 motion until after the older child turned eighteen and that this caused her claims as to the younger child's adoption to become moot.  We disagree.  In fact, the docket indicates that the rule 60 motion was denied before the older child's eighteenth birthday, and the petitioner has offered no evidence to the contrary.  Moreover, the older

---

[1] The Juvenile Court docket indicates that the rule 60 motion was denied before the petition was filed.

[2] The petitioner's record appendix fails to present an adequate record from which we can review the single justice's decision.  Despite its importance to these proceedings, her rule 60 motion is missing from the record appendix, making it impossible for us to tell what claims she presented therein to the Juvenile Court.  More generally, the record appendix consists of a haphazard collection of documents (and partial documents) with varying degrees of relevance to these proceedings, presented in no particular order.  The record appendix also lacks consecutive page numbering, hampering our ability to locate record support for the petitioner's assertions.  This does not satisfy the petitioner's "burden . . . to create a record that include[s] all of the relevant pleadings, motions, and other parts of the trial court record pertaining to the disputed issue."  Commonwealth v. Hernandez, 471 Mass. 1005, 1005 n.1 (2015), citing Gorod v. Tabachnick, 428 Mass. 1001, 1001, cert. denied, 525 U.S. 1003 (1998).

child's aging out of the system did not affect the petitioner's claims pertaining to the younger child. The petitioner also claims that Juvenile Court personnel refused to accept an electronically filed notice of appeal from her as a pro se litigant. Even assuming this is true, she was not deprived of her appellate rights, as there was nothing preventing her from filing the notice of appeal on paper.

More fundamentally, issues arising from the termination of parental rights are routinely addressed in the ordinary course of trial and appeal. The petitioner could have appealed in the ordinary course from the termination of her parental rights. The fact that she did not avail herself of that remedy does not render it unavailable or inadequate. See Chongarlides v. Murray, 495 Mass. 1015, 1016 n.2 (2025). The denial of her rule 60 motion is likewise subject to appeal in the ordinary course. Where the petitioner had these ordinary appellate remedies, the single justice neither abused her discretion nor committed any other error of law by denying extraordinary relief.

Judgment affirmed.


The case was submitted on the papers filed, accompanied by a memorandum of law.
The mother, pro se.