CHRISTOPHER J. LOFTFIELD *vs.* FRED FERREIRA & another.[1] September 29, 2003. *Practice, Civil,* Notice of appeal. *District Court,* Clerk-Magistrate. *Supreme Judicial Court,* Appeal from order of single justice.

Christopher J. Loftfield appeals from the denial of his G. L. c. 211, § 3, petition by a single justice of this court. We affirm.

In June of 2003, a default judgment entered against Loftfield in a summary process action in the District Court. Loftfield claims that when he attempted to file a timely notice of appeal, a clerk in the District Court refused to accept it. Although Loftfield's notice of appeal allegedly was accepted for filing two days later, he claims that the clerk subsequently informed him that his notice would not be docketed because it was untimely. In Loftfield's G. L. c. 211, § 3, petition, he sought relief mainly from the clerk's alleged refusal to docket his notice of appeal.[2]

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Although Loftfield is not challenging a specific interlocutory order of the trial court, a prerequisite to the applicability of rule 2:21, we can nonetheless conclude on the record before us that the single justice neither erred nor abused his discretion in denying relief. Loftfield had an adequate alternative remedy, viz., a motion in the trial court to compel the clerk to accept, docket, and process the notice of appeal. *Morales* v. *Commonwealth,* 424 Mass. 1010, 1011 (1997). See *Lu* v. *Boston Div. of the Hous. Court Dep't,* 432 Mass. 1005, 1006 (2000). "In the absence of an order from a judge, [clerks] may not refuse to accept a notice of appeal, even if they believe that no appeal is available or that the notice is untimely or otherwise defective." *Gorod* v. *Tabachnick,* 428 Mass. 1001, 1001, cert. denied, 525 U.S. 1003 (1998), and cases cited. If, as Loftfield alleges, a clerk of the District Court improperly refused to accept his notice of appeal, he has offered no reason why he could not file a motion in the District Court to compel acceptance nunc pro tunc to the date that he first attempted to file his notice.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Christopher J. Loftfield,* pro se.

---

[1]Edgartown Division of the District Court Department.

[2]In his petition, Loftfield briefly mentioned that he additionally desired relief from the denial of his motion to vacate the default judgment, but the overwhelming thrust of his petition concerned his alleged inability to file his notice of appeal. Moreover, the denial of the motion to vacate the default judgment is correctable on direct appeal.