THE SOCIETY OF JESUS OF NEW ENGLAND *vs.* COMMONWEALTH (and a companion
case[1]). November 24, 2004. *Supreme Judicial Court,* Superintendence of
inferior courts, Appeal from order of single justice. *Subpoena.*

The Society of Jesus of New England (Jesuits) and James F. Talbot appeal
from judgments of a single justice of this court denying their petitions for
relief pursuant to G. L. c. 211, § 3. We affirm.

In connection with criminal charges brought against Talbot, the Com-
monwealth issued a subpoena duces tecum seeking documents from Talbot's
personnel file. Both Talbot and the Jesuits moved to quash the subpoena with
respect to some of the documents. They argued that the records were protected
by the First Amendment to the United States Constitution and analogous
provisions of the Massachusetts Constitution, and by certain other privileges
(priest-penitent, psychotherapist-patient, and attorney-client) and the work-
product doctrine. A judge in the Superior Court allowed the motion in part,
denied it in part, and ordered some of the documents produced. Talbot and the
Jesuits sought relief from the judge's order through petitions pursuant to G. L.
c. 211, § 3. The single justice reserved and reported a question concerning the

---

[1]James F. Talbot *vs.* Commonwealth.

petitioners' constitutional claims, but retained jurisdiction over all other issues, including whether review of the nonconstitutional claims pursuant to G. L. c. 211, § 3, was appropriate in the first instance. In *Society of Jesus of New England* v. *Commonwealth*, 441 Mass. 662 (2004), the court answered the reported question (essentially rejecting the petitioners' constitutional claims) and remanded the cases to the single justice for further proceedings. *Id.* at 678.

The single justice thereafter concluded that, with one exception, the non-constitutional claims were unsuitable for review pursuant to G. L. c. 211, § 3, because neither party had shown a violation of a substantive right, and because both parties had adequate alternative remedies.[2] See *Morrissette* v. *Commonwealth*, 380 Mass. 197, 198 (1980). In response to Talbot's concern about disclosure of his records to the Commonwealth, as well as public disclosure at trial, the single justice concluded that mere disclosure of the documents to the Commonwealth would not infringe Talbot's substantive rights, and that any concern about public disclosure of the materials at trial could potentially be addressed through a motion for a protective order and through pretrial motions in limine. As for the Jesuits, the single justice concluded: "If and when the [Jesuits] become[] the subject of a contempt order for failing to comply with a subpoena, the [Jesuits] may challenge the validity of the subpoena in a subsequent appeal of that order," citing *Matter of a Grand Jury Subpoena*, 411 Mass. 489 (1992).[3]

The cases are now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Talbot argues that the single justice erred in concluding that disclosure of the documents to the Commonwealth would not implicate his substantive rights.[4] We need not decide that question, however, because, as Talbot acknowledges, the assistant district attorney has already seen and reviewed the documents.[5] Accordingly, Talbot's request for relief is academic.

The Jesuits principally argue that because the single justice reported the constitutional claims and addressed the work-product claim on the merits,

---

[2]The single justice allowed the Jesuits' petition with respect to a claim that one of the documents was protected by the work-product doctrine. The Commonwealth has not appealed from that portion of the judgment.

[3]The single justice also ruled that except for the work-product doctrine, none of the privileges purportedly asserted by the Jesuits confers any substantive rights on them.

[4]Talbot concedes that he can seek to prevent public disclosure of the records by requesting a protective order and filing motions in limine.

[5]After the Superior Court judge ordered the documents produced on June 10, 2003, the assistant district attorney obtained them from the clerk (to whom the documents had been delivered for the judge's in camera inspection). Two weeks later, on June 24, Talbot and the Jesuits moved to stay the judge's order, and requested that the assistant district attorney return the documents to the court. The judge allowed the motion, noting: "The [a]ssistant [d]istrict [a]ttorney has provided me with copies of the documents which I ordered released to her in my June 10, 2003 [o]rder and which she obtained, in good faith, before she was notified of the instant [motion to] stay."

On appeal, Talbot contends that while the judge ordered the Jesuits to produce the records, she never ordered the clerk to release them. Even if true, the Commonwealth submits that it has already seen and reviewed the records. To the extent that Talbot's concern is that "*immediately* upon release of the subpoenaed documents to the [d]istrict [a]ttorney, he would suffer a substantial violation of his substantive rights," that concern cannot now be addressed because the release has already taken place.

despite the existence of an adequate alternative remedy — appeal from a contempt judgment following refusal to honor the subpoena — he erred in declining to also consider the other claims on the merits. The single justice, however, was not required to do so. See *Globe Newspaper Co.* v. *Superior Court*, 379 Mass. 846, 850 n.3 (1980), rev'd on other grounds, 457 U.S. 596 (1982) (although single justice chose to entertain G. L. c. 211, § 3, petition despite existence of adequate alternative remedy, "the single justice could have refrained from deciding any issue on the merits"). Accordingly, Talbot and the Jesuits have failed to meet their burden pursuant to rule 2:21.

*Judgments affirmed.*

The cases were submitted on the papers filed, accompanied by memoranda of law.

*Paul B. Galvani & Thomas H. Hannigan, Jr.*, for The Society of Jesus of New England.

*Timothy P. O'Neill* for James F. Talbot.