DIANE SCOTT-JONES & another[1] *vs.* QING LU & another.[2] June 23, 2006.
*Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice.

The petitioners appeal from a judgment of a single justice of this court denying their petition for relief pursuant to G. L. c. 211, § 3. We affirm.

The petitioners and respondents each own one unit in a two-unit condominium. Disagreements arose between the parties over various condominium affairs, leading the respondents to seek and obtain from the Superior Court "a preliminary injunction in aid of arbitration." Later, the petitioners were found in civil contempt for disobeying aspects of the injunction. In addition, a judge in the Superior Court appointed a receiver for the condominium, and later appointed a successor receiver.

In their G. L. c. 211, § 3, petition, the petitioners sought relief from the denials of their motions to vacate the preliminary injunction and to reconsider the judgment of civil contempt; raised various complaints about the first receiver; challenged the imposition of costs related to assorted aspects of the proceedings and an order requiring them to pay certain condominium assessments; and complained about the denials of the petitioners' motions to stay certain orders entered in the Superior Court pending disposition of their G. L. c. 211, § 3, petition.

The petitioners have filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). They claim they lack an adequate alternative to review because the Superior Court judge has "preclud[ed] any final judgment" by "refusing to enforce the arbitration provision" of the condominium's declaration of trust, and because the second receiver has raised the condominium fee, which "may result in the foreclosure of [the petitioners'] home prior to any resolution of the case." Those claims are unavailing. First, because the petitioners did not seek in their G. L. c. 211, § 3, petition to compel arbitration, that issue is not before us. And, in any event, the suggestion that arbitration will never take place or that final judgment will never enter is speculative. Second, the petitioners' assertion that the rise in the condominium fee "may result in" foreclosure, is similarly speculative.

With regard to the particular claims raised in their G. L. c. 211, § 3, petition, the petitioners obtained review of the denial of their motion to vacate the preliminary injunction under G. L. c. 231, § 118, first par., see *Greco* v. *Plymouth Sav. Bank*, 423 Mass. 1019, 1019-1020 (1996), and cases cited; the judgment of civil contempt is an appealable final judgment, and the petitioners

[1]John E. Jones, Jr.

[2]Yu Cheung.

filed a notice of appeal from the denial of their motion to reconsider that judgment; the petitioners' complaints about the first receiver are moot because that receiver has been replaced by a successor; the petitioners obtained review of the awards of costs and assessments under G. L. c. 231, § 118, first par., see *id.*; and the petitioners' attempts to obtain a stay pending resolution of the G. L. c. 211, § 3, petition is moot because that petition has been resolved. The petitioners have, therefore, failed to carry their burden under rule 2:21.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Diane Scott-Jones & John E. Jones, Jr.*, pro se.