RICHARD MAX STRAHAN *vs.* SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR THE COUNTY OF SUFFOLK & others.[1] November 7, 2008. *Supreme Judicial Court*, Superintendence of inferior courts, Appeal from order of single justice.

Richard Max Strahan appeals from a judgment of a single justice of this court denying his petition, pursuant to G. L. c. 211, § 3. That petition sought relief from a summons compelling Strahan's attendance at a contempt proceed-

---

[1]Martin Fantozzi and two Associate Justices of the Superior Court.

ing in the Superior Court, cancellation of that proceeding, a stay of the proceeding while the petition was pending, and sanctions. A Superior Court judge previously had denied Strahan's request to "revoke" the same summons, treating the request as a motion to dismiss the complaint for contempt.

The principal relief requested in the petition also was requested from and denied by the Superior Court judge. To the extent the petition challenges an interlocutory order of the Superior Court, S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), applies. Under that rule, Strahan was required to file a memorandum "set[ting] forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment or by other available means." *Id.* The "brief" filed in this court fails to make that showing.[2] To the extent the petition also seeks relief not based on any interlocutory ruling in the Superior Court, the rule does not apply.

In either event, we can determine, based on the record before us, that the single justice neither erred nor abused his discretion in denying relief. *Loftfield* v. *Ferreira*, 440 Mass. 1012 (2003); *Bloise* v. *Bloise*, 437 Mass. 1010, 1010 (2002). Exercise of the court's extraordinary power under G. L. c. 211, § 3, properly is denied absent a demonstration by the petitioner of both a "substantial claim of violation of a substantive right and that the violation could not have been remedied in the normal course of a trial and appeal or by other available means." *Gorod* v. *Tabachnick*, 428 Mass. 1001, cert. denied, 525 U.S. 1003 (1998). Strahan failed to make that showing. Among other things, Strahan may appeal from any adverse final judgment. See *Cousino* v. *Commonwealth*, 450 Mass. 1010 (2007) (relief from improper denial of summons remediable in ordinary appellate process); *Scott-Jones* v. *Qing Lu*, 447 Mass. 1006, 1006 (2006) ("judgment of civil contempt is an appealable final judgment"); *Society of Jesus of New England* v. *Commonwealth*, 442 Mass. 1049 (2004).[3]

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Richard Max Strahan*, pro se.

*Martin M. Fantozzi & Michael S. Rabieh* for BP Prucenter Acquisition, LLC.


---

[2]Strahan's filing in this court is in the form of a brief, rather than a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Noncompliance with the rule, where it applies, is itself a reason not to disturb the single justice's judgment.

[3]We do not address claims raised before the single justice but not pursued on appeal.

