SUPREME JUDICIAL COURT 
 
 PETER N. GAINES vs. ATTORNEY GENERAL & others.[1]

 
 Docket:
 SJC-13661
 
 
 Dates:
 February 4, 2025
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 Supreme Judicial Court, Superintendence of inferior courts.
 
 

  
      The petitioner, Peter N. Gaines, appeals from the judgment of a single justice of this court denying without a hearing his petition pursuant to G. L. c. 211, § 3, and subsequent motion for reconsideration, whereby Gaines sought recusal of the motion and hearing judge in a civil case brought against him in the Superior Court or, in the alternative, dismissal of the case with prejudice.
           Background.[2]  In March 2021, the Attorney General filed a civil complaint against Gaines in the Superior Court.  The complaint sought injunctive relief to limit Gaines's allegedly harassing communications with employees of the Attorney General's office.  In April 2021, the motion judge granted the Attorney General's motion for a preliminary injunction, ordering Gaines to limit his communications with the Attorney General's office to one written letter per day. 
           In September 2021, in the same action, the Attorney General brought a complaint for civil contempt against Gaines for violating the preliminary injunction.  See Mass. R. Civ. P. 65.3 (a)-(b), as appearing in 386 Mass. 1244 (1982).  See also Jones v. Manns, 33 Mass. App. Ct. 485, 489 (1992) ("Despite the fact that a civil contempt action is typically docketed with the number of the underlying action . . . , it is understood to be an action distinct from the underlying action, culminating in a separate judgment"); id. at 491.  After a hearing, the hearing judge, who had also been the motion judge, stayed the complaint for contempt.  She again ordered Gaines to comply with the terms imposed by the preliminary injunction,[3] and if Gaines remained in compliance for a period of six months, the hearing judge would dismiss the case, including the complaint for contempt. 
           Later, an evidentiary hearing was held, after which Gaines was determined to be in civil contempt, and a final judgment of contempt entered.  As a sanction, the judge sentenced Gaines to thirty days in a house of correction, but she stayed his sentence for a period of six months to compel Gaines's compliance.  That is, the judge gave Gaines another opportunity to comply with the terms of her preliminary injunction order, and if he did so for six months, the contempt would be purged, and he would not be incarcerated.  After another hearing, the same hearing judge found that Gaines had failed to comply with those terms, and he was ordered to serve thirty days in a house of correction.  The hearing judge had appointed counsel for Gaines at the hearing. 
           Just over two weeks after that decision, the parties filed a joint motion seeking entry of an agreed-upon final judgment and permanent injunction.  The joint motion was signed by Gaines and his counsel.  In the joint motion, Gaines conceded that he repeatedly failed to comply with the preliminary injunction order despite being given opportunities to do so.  As to a final disposition, Gaines represented that he "agreed to be bound by the terms" of the preliminary injunction and certain other orders "for a term of ten years."  As the parties requested, the final judgment and permanent injunction entered that same day, as did an order for Gaines's immediate release from custody.  Through the final judgment, Gaines agreed to limitations for a period of ten years on his communications with the Attorney General's office and the clerk's office of the Superior Court for Suffolk County.  The case was dismissed subject to this ten-year injunction. 
           Gaines later filed a series of postjudgment motions, including motions for modification of the judgment and for a new trial.  After denying certain of these motions, the same judge ruled that the case was closed and that, apart from a contempt complaint, the court would not address future filings.  Gaines nevertheless filed additional motions after this determination.
           In July 2024, Gaines filed a petition before a single justice of this court seeking the recusal of the motion and hearing judge or, in the alternative, dismissal with prejudice of the Superior Court case.[4]  Gaines argued that the motion and hearing judge should have recused herself and, further, that the judge's appointment of counsel failed sufficiently to afford Gaines his asserted right to counsel.  In a later filing, Gaines argued that the rulings in the Superior Court case infringed on his right to freedom of speech. 
           The single justice exercised his discretion not to consider the substantive merits of the petition, and he denied Gaines's petition and subsequent motion for reconsideration.  See Commonwealth v. Fontanez, 482 Mass. 22, 24-25 (2019).  Gaines now appeals.
           Discussion.  We review the decision of the single justice pursuant to G. L. c. 211, § 3, for clear error of law or abuse of discretion.  See Perrier v. Commonwealth, 489 Mass. 28, 30 (2022).  As a threshold matter, "[a] single justice faced with a G. L. c. 211, § 3, petition . . . must decide, in his or her discretion, whether to review the substantive merits of the . . . petition" (quotation and citation omitted).  Fontanez, 482 Mass. at 24.  While "a cursory look at the merits might help the single justice decide whether the petition is suitable for review," he or she "does not determine in this initial step whether the challenged ruling was erroneous."  Id.  Instead, "the focus . . . is on . . . whether to employ the court's power of general superintendence to become involved in the matter."  Id.  "The single justice is not required to become involved if the petitioner has an adequate alternative remedy or if the single justice determines, in his or her discretion, that the subject of the petition is not sufficiently important and extraordinary as to require general superintendence intervention."  Id. at 24-25.  The burden is on the petitioner to demonstrate "both error that cannot be remedied under the ordinary review process and a substantial claim of violation of his substantive rights" (alteration, quotations and citation omitted).  Ardaneh v. Commonwealth, 492 Mass. 1019, 1020, S.C., 493 Mass. 1008 (2023).
           We discern no error of law or other abuse of discretion in the decision of the single justice to deny Gaines's petition.  See Fontanez, 482 Mass. at 24-25.  It is apparent that Gaines had adequate alternative means to obtain appellate review of the issues he raised before the single justice.  First, he could have challenged the validity of the civil contempt judgment through the ordinary course of appeal.  See Strahan v. Superior Court Dep't of the Trial Court, 452 Mass. 1017, 1018 (2008), quoting Scott-Jones v. Qing Lu, 447 Mass. 1006, 1006 (2006) ("judgment of civil contempt is an appealable final judgment").  Indeed, the hearing judge instructed Gaines on the docket that he might notice an appeal of the contempt judgment and pursue it in the Appeals Court. 
           Second, Gaines could have appealed from the motion judge's denials or refusals to decide the postjudgment motions in which he raised similar arguments.  See, e.g., Harrington v. Deutsche Bank Nat'l Trust Co., 484 Mass. 1041, 1042 (2020).  See also Commonwealth v. Duguay, 492 Mass. 520, 521 n.1 (2023), quoting Commonwealth v. Dubois, 451 Mass. 20, 29 (2008) ("The failure of a judge to rule on a motion is treated as an implicit denial").  In sum, Gaines did not establish the absence of an adequate alternative remedy, and so the single justice did not err or otherwise abuse his discretion in denying Gaines's petition.[5]  We need go no further in affirming the judgment of the single justice.[6]
 
      
Judgment affirmed.
footnotes

      The case was submitted on briefs.
      Peter N. Gaines, pro se.
      Nathaniel J. Hyman, Assistant Attorney General, for the Attorney General.
          [1] Staff of the Superior Court in Suffolk County "C" session.
               [2] We recite information obtained from the electronic docket for the Superior Court case.  See Donald v. Commonwealth, 494 Mass. 1016, 1017 (2024), citing Mushwaalakbar v. Commonwealth, 487 Mass. 627, 631-632 (2021).
          [3] The judge's order also forbade Gaines from engaging in ex parte communications, and it limited his contact with the clerk's office for the Superior Court in Suffolk County.
          [4] From the nature of the representations in Gaines's petition, we understand this as a request to vacate the permanent injunction.
          [5] In so concluding, we take no position on the merits of any appeal that Gaines might have pursued.
               [6] Gaines's motion to file a nonconforming brief, dated September 19, 2024, is hereby allowed, and we have considered his corrected brief filed on October 2, 2024.  Gaines's motion for clarification regarding the applicability of S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), is denied as moot.  Gaines's motion styled a "motion to restrict abusive litigation" is denied.  Gaines's second motion requesting oral argument, filed on November 21, 2024, is denied.  Gaines's motion filed on December 16, 2024, is struck for failure to conform with the requirements of Mass. R. A. P. 15 (a), as appearing in 481 Mass. 1627 (2019).  To the extent they seek any relief separate from that discussed supra, the requests in Gaines's filings of October 21, November 4, December 9, December 11, December 26, and December 31, 2024, as well as those in his filings of January 14 and January 22, 2025, are denied.