NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12469

COMMONWEALTH  vs.  RAFAEL FONTANEZ.


Suffolk.      December 4, 2018. - April 16, 2019.

Present:  Gants, C.J., Lenk, Lowy, Budd, Cypher, & Kafker, JJ.


Evidence, Testimony at prior proceeding, Previous testimony of
     unavailable witness, Identification.  Identification.
     Practice, Criminal, Appeal by Commonwealth, Interlocutory
     appeal, Confrontation of witnesses, Waiver.  Constitutional
     Law, Identification, Confrontation of witnesses, Waiver of
     constitutional rights.  Supreme Judicial Court,
     Superintendence of inferior courts.



     Civil action commenced in the Supreme Judicial Court for
the county of Suffolk on September 25, 2017.

     The case was considered by Gaziano, J.


     David L. Sheppard-Brick, Assistant District Attorney, for
the Commonwealth.
     Thomas D. Frothingham for the defendant.


     LOWY, J.  The Commonwealth appeals from the judgment of a

single justice of this court denying its petition for relief

pursuant to G. L. c. 211, § 3.  The Commonwealth petitioned the

single justice to vacate a Superior Court judge's order allowing

the criminal defendant's motion in limine to exclude prior recorded testimony. The single justice denied the petition without a hearing, stating, "This is not an exceptional circumstance requiring the exercise of the [c]ourt's extraordinary power, and in any event, the Commonwealth has not shown that the trial judge abused his discretion." We reverse.

Background. For purposes of our review, the undisputed facts are as follows. The defendant was indicted for armed assault with intent to murder, G. L. c. 265, § 18 (b), and assault and battery by means of a dangerous weapon causing serious bodily injury, G. L. c. 265, § 15A (c) (i). The alleged victim was stabbed in a bar in Springfield and, when presented with a photographic array, identified the defendant as the culprit. The defendant filed a motion to suppress that and other out-of-court identifications. He also moved to remain out of view during eyewitness testimony at the hearing on his motion. The defendant's motion to remain out of view was allowed, and during witness testimony the defendant sat behind the judge's bench. He did not see the witnesses, and the witnesses did not see him. After the hearing, the defendant's motion to suppress identification was denied as to three witnesses, including the victim, and allowed as to one witness. The victim subsequently died for reasons unrelated to the stabbing.

The Commonwealth moved in limine to introduce at trial a transcript of the victim's testimony from the suppression hearing, and the defendant filed a motion in opposition. In a written decision, a judge, other than the judge who ruled on the defendant's motion to suppress, concluded that admitting the transcript in evidence would violate the defendant's right to face-to-face confrontation under art. 12 of the Massachusetts Declaration of Rights because the defendant sat out of view during the suppression hearing. Accordingly, the judge allowed the defendant's motion to exclude the victim's prior testimony and denied the Commonwealth's motion to admit the testimony.

Pursuant to G. L. c. 211, § 3, the Commonwealth petitioned a single justice of this court to vacate the judge's order excluding the victim's prior testimony.[1] The single justice

---

[1] We have considered a preliminary procedural question not addressed by the parties: whether, instead of petitioning pursuant to G. L. c. 211, § 3, the Commonwealth should have sought leave to appeal from the single justice pursuant to Mass. R. Crim. P. 15 (a) (2), as amended, 476 Mass. 1501 (2017). Although the underlying matter arose on cross motions in limine and not on a motion to suppress, the defendant's motion and the judge's ruling on it had some of the same characteristics as a suppression motion and ruling. See Commonwealth v. Grady, 474 Mass. 715, 718 (2016); Commonwealth v. Gonsalves, 445 Mass. 1, 15-16 (2005), cert. denied, 548 U.S. 926 (2006). See also Commonwealth v. Arrington, 455 Mass. 437, 437-438 (2009), in which we considered a nearly identical motion pursuant to Mass. R. Crim. P. 15 (a) (2).

Both sides proceeded in the county court and in the full court as if Mass. R. Crim. P. 15 did not apply. The single

denied the petition without a hearing, stating, "This is not an exceptional circumstance requiring the exercise of the [c]ourt's extraordinary power, and in any event, the Commonwealth has not shown that the trial judge abused his discretion."  The Commonwealth appealed from this decision to the full court.

Discussion.  "In reviewing the single justice's determination to deny the Commonwealth's petition brought under G. L. c. 211, § 3, this court looks to whether 'the single justice abused his or her discretion or made a clear error of law.'"  Commonwealth v. Ruiz, 480 Mass. 683, 685 (2018), quoting Rogan v. Commonwealth, 415 Mass. 376, 378 (1993).  "An abuse of discretion occurs only where the judge makes 'a clear error of judgment in weighing' the factors relevant to the decision . . . , such that the decision falls outside the range of reasonable alternatives."  Commonwealth v. Keown, 478 Mass. 232, 242 (2017), cert. denied, 138 S. Ct. 1038 (2018), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

A single justice faced with a G. L. c. 211, § 3, petition performs a two-step inquiry.  We address each step in turn.

1.  Step 1:  Whether to review petition's merits.  First, the single justice must decide, in his or her discretion, whether to review "the substantive merits of the . . .

---

justice also considered the underlying ruling to be a ruling in limine and not a suppression ruling.  We shall do the same.

petition." Commonwealth v. Baldwin, 476 Mass. 1041, 1042 n.2 (2017). The single justice does not determine in this initial step whether the challenged ruling was erroneous, although a cursory look at the merits might help the single justice decide whether the petition is suitable for review. Rather, the focus of step one is on answering a threshold question: whether to employ the court's power of general superintendence to become involved in the matter. "This discretionary power of review has been recognized as 'extraordinary,' and will be exercised only in 'the most exceptional circumstances.'" Planned Parenthood League of Mass., Inc. v. Operation Rescue, 406 Mass. 701, 706 (1990), quoting Costarelli v. Commonwealth, 374 Mass. 677, 679 (1978). The single justice is not required to become involved if the petitioner has an adequate alternative remedy or if the single justice determines, in his or her discretion, that the subject of the petition is not sufficiently important and extraordinary as to require general superintendence intervention. "No party, including the Commonwealth, should expect this court to exercise its extraordinary power of general superintendence lightly." Commonwealth v. Richardson, 454 Mass. 1005, 1006 (2009), S.C., 469 Mass. 248 (2014).

In criminal cases, defendants' petitions under G. L. c. 211, § 3, are often denied on the ground that the defendant has an adequate alternative remedy, namely, a direct appeal as

of right after trial in the event he or she is convicted.

Petitions brought by the Commonwealth present a different

situation because, in most circumstances where it receives an

adverse ruling in the trial court, the Commonwealth has no other

avenue to obtain appellate review either through interlocutory

avenues or after trial.  Even if the Commonwealth has no other

remedy, however, it is not automatically entitled to review as

of right under G. L. c. 211, § 3.  See Commonwealth v. D.M., 480

Mass. 1004, 1004 n.2 (2018); Commonwealth v. Yelle, 390 Mass.

678, 685-687 (1984); Commonwealth v. Cook, 380 Mass. 314, 319

(1980) ("that the Commonwealth has no other remedy does not make

c. 211, § 3, review automatic").  To obtain review the

Commonwealth must still demonstrate to the single justice that

its petition presents the type of exceptional matter that

requires the court's extraordinary intervention.[2]  Exceptional

---

[2] It is for these reasons, when the Commonwealth appeals
from single justice denials of its petitions under G. L. c. 211,
§ 3, that we routinely remind the Commonwealth in our orders
allowing its appeals to proceed pursuant to S.J.C. Rule 2:21, as
amended, 434 Mass. 1301 (2001), that it must do more than
demonstrate to the full court that it had no adequate
alternative remedy.  Our order in this case is illustrative.  We
stated:

"The Commonwealth should be mindful . . . as it pursues
this appeal, that the fact that it has no other remedy does
not automatically entitle it to consideration of the
substantive merits of its claim.  See Commonwealth v.
Richardson, 454 Mass. 1005, 1005-1006 (2009)[, S.C., 469
Mass. 248 (2014)]; Commonwealth v. Cook, 380 Mass. 314, 319

circumstances might exist if, for example, the Commonwealth's petition involves a novel question of law, a systemic issue that will have an effect not just on the current case but on numerous other cases, or a lower court ruling that, if allowed to stand, would have a truly crippling effect on the Commonwealth's case. On the other hand, we routinely uphold single justice denials of the Commonwealth's petitions where there are no novel, systemic, or case-determinative issues, or other aspects that make the petitions exceptional.  See, e.g., Commonwealth v. Hernandez, 471 Mass. 1005, 1006-1007 (2015); Commonwealth v. Samuels, 456 Mass. 1025, 1027 n.1 (2010); Commonwealth v. Snow, 456 Mass. 1019, 1019-1020 (2010); Richardson, 454 Mass. at 1005-1006.

---

(1980).  It will first be incumbent on the Commonwealth to demonstrate that this is the type of 'rare case' and 'exceptional circumstance' that requires the exercise of the court's extraordinary power of general superintendence; more specifically, that the single justice abused his discretion in declining to employ the court's extraordinary superintendence power in these circumstances.  See Commonwealth v. Barros, 460 Mass. 1015, 1016 (2011); Commonwealth v. Richardson, supra.  This being an appeal from the single justice's decision, and not a de novo review of the petition or second bite at the apple, it will not be enough for the Commonwealth simply to repeat the same arguments to this court that it pressed unsuccessfully before the single justice.  Commonwealth v. Samuels, 456 Mass. 1025, 1027 n. 1 (2010).  See Commonwealth v. Barros, supra at 1017.  The full court will reach the substantive merits only if it first determines that the case presents the type of extraordinary situation requiring consideration of the merits under G. L. c. 211, § 3, and that the single justice abused his discretion in ruling otherwise."

Here, both sides agree that the Commonwealth had no alternative avenue to obtain review of the judge's allowance of the defendant's motion in limine.  We turn, therefore, to whether the Commonwealth's claim is "exceptional" for purposes of G. L. c. 211, § 3.  We conclude that the single justice abused his discretion in determining that there were no exceptional circumstances here.

The Superior Court judge's decision appears at first to be "a routine ruling on a relatively routine evidentiary matter." Hernandez, 471 Mass. at 1007, and cases cited.  Whether to admit prior recorded testimony is, after all, a question regularly considered by trial judges.  See id.  It is well within a single justice's discretion to decline to review a routine evidentiary ruling, regardless of whether the decision was erroneous.  Id. at 1006-1007.

However, on closer inspection the petition is more than just routine:  the judge's decision to exclude the now deceased victim's testimony effectively forecloses the Commonwealth's ability to prosecute a serious crime.  This is not a situation where the excluded evidence will merely weaken the prosecution. The victim's prior testimony is key evidence that is critical to the Commonwealth's ultimate success or failure in prosecuting the case.  "The Commonwealth, not unreasonably, does not want to proceed to trial without it . . . ."  Commonwealth v. Tahlil,

479 Mass. 1012, 1014 (2018). Cf. Commonwealth v. Williams, 431 Mass. 71, 76 (2000) (single justice "rarely" denies Commonwealth's application pursuant to Mass. R. Crim. P. 15 [a] [2], where "Commonwealth's case depends on the evidence that has been suppressed").

At the suppression hearing, the victim described his earlier identification of the assailant and identified a photograph of the assailant. If this testimony is admitted at trial, then police officers involved in administering the photographic array may testify that the victim identified the defendant. See Mass. G. Evid. § 801(d)(1)(C) (2019) (prior identification not hearsay where "declarant testifies and is subject to cross-examination about" identification). See also Commonwealth v. Clemente, 452 Mass. 295, 313 (2008), cert. denied, 555 U.S. 1181 (2009) ("Prior recorded testimony is . . . roughly equivalent to the type of testimony a jury would have heard at trial were the witness available . . . . The party against whom the testimony is offered will have had a reasonable opportunity and similar motive to develop the testimony adequately, either by direct, cross-, or redirect examination"). But if this testimony is not admitted at trial, then no evidence of the now deceased victim's identification will be admissible. See Commonwealth v. Housewright, 470 Mass. 665, 676 (2015), quoting Commonwealth v. Barbosa, 463 Mass. 116, 130 (2012) ("Had

[witness's] prior recorded [identification] testimony been excluded, the jury would also not have heard [police officer's] testimony regarding [witness's] identification of the defendant at the identification procedure, because a witness's pretrial identification is admissible for substantive purposes only where 'the identifying witness testifies at trial and is subject to cross-examination'").

Admittedly, there is some other evidence on which the prosecution could conceivably rely. Surveillance video footage captured the incident, and there were two other witnesses to the stabbing. However, witnesses at the hearing described the video recording as being of poor quality. And it is highly unlikely that either of the other witnesses to the incident would be permitted to identify the defendant at trial. One of them never identified the defendant to the police, but rather described the assailant as male and gave a clothing description. See Commonwealth v. Crayton, 470 Mass. 228, 241 (2014) ("Where an eyewitness has not participated before trial in an identification procedure, we shall . . . admit it in evidence only where there is 'good reason'" to do so). The other witness did identify the defendant, but his out-of-court identification was suppressed. See Commonwealth v. Johnson, 473 Mass. 594, 602 (2016) ("Where a witness's out-of-court identification is excluded," in-court identification allowed only if "Commonwealth

proves by clear and convincing evidence that the subsequent identification . . . rests on a source independent of the unnecessarily suggestive confrontation").[3]  The prior testimony is important enough, and the other identification evidence appears weak enough, that excluding the prior testimony would cripple the Commonwealth's case.

We observe also that this case implicates fundamental constitutional rights, involves important competing legal principles, and arises from an unusual fact pattern.  We do not suggest that every confrontation issue is suitable for review pursuant to G. L. c. 211, § 3.  Here, however, the judge analyzed the interaction in these unusual circumstances between the confrontation right and waiver doctrine, as well as whether conflicting constitutional protections were implicated.  The importance of these fundamental constitutional concerns weighs in favor of reviewing the petition's merits.  Cf. D.M., 480 Mass. at 1006 (single justice should have reviewed merits of petition where "important . . . public policies [were] at issue").

---

[3] Based on the motion decisions and hearing transcript, the only other evidence is an anonymous tip to police that the defendant stabbed the victim and identifications placing the defendant at the bar on the night of the incident.  We do not comment on the admissibility of this evidence.

Because the Commonwealth does not have an alternative remedy, and because the Commonwealth's petition presents an exceptionally important matter, the single justice abused his discretion in determining that the Commonwealth's petition did not require the court's consideration of the merits.

2. <u>Step 2:  Reviewing petition's merits</u>.  When review of a petition is appropriate, the single justice moves to the second step and reviews the petition's merits.  The single justice "must then correct" the challenged trial court ruling if it was wrong.  <u>D.M.</u>, 480 Mass. at 1004 n.2.  Here, the Commonwealth claims in its petition that the judge erred in excluding the victim's prior recorded testimony.  We agree.

Prior recorded testimony is admissible as an exception to the rule against hearsay where the declarant is unavailable at trial as a matter of law, and where "the prior testimony was given by a person . . . in a proceeding addressed to substantially the same issues as in the current proceeding, with reasonable opportunity and similar motivation on the prior occasion for cross-examination of the declarant by the party against whom the testimony is being offered."  <u>Commonwealth</u> v. <u>Fisher</u>, 433 Mass. 340, 355 (2001), quoting <u>Commonwealth</u> v. <u>Trigones</u>, 397 Mass. 633, 638 (1986).  See Mass. G. Evid. §§ 804(a), (b)(1) (2019).

Similarly, under the Sixth Amendment to the United States Constitution and art. 12, "[a]dmitting prior testimony does not violate the defendant's confrontation rights when the declarant is unavailable, as a matter of law, to testify and 'the defendant has had an adequate prior opportunity to cross-examine the declarant.'" Commonwealth v. Caruso, 476 Mass. 275, 293 (2017), quoting Commonwealth v. Hurley, 455 Mass. 53, 60 (2009). The initial inquiry is whether the declarant is unavailable as a matter of law. See Mass. G. Evid. § 804(a). A judge should then consider five factors in determining "whether the defendant had a sufficient opportunity to cross-examine the declarant at the prior proceeding: (1) the declarant was under oath, (2) the defendant was represented by counsel, (3) the proceeding took place before a record-keeping tribunal, (4) the prior proceeding addressed substantially the same issues as the current proceeding, and (5) the defendant had reasonable opportunity and similar motivation on the prior occasion for cross-examination of the declarant" (footnote omitted).[4] Caruso, supra.

---

[4] The defendant asks us to require also that the prior testimony be from a hearing at which the Commonwealth bore and satisfied a burden of proof. We have stated that, for prior recorded testimony to be admissible, the trier of fact must have "a satisfactory basis for evaluating the truth of the prior statement." Commonwealth v. Hurley, 455 Mass. 53, 62-63 (2009), quoting Commonwealth v. Roberio, 440 Mass. 245, 251 (2003), overruled on other grounds by Commonwealth v. Sena, 441 Mass. 822 (2004). According to the defendant, the fact finder cannot

Applying this constitutional rubric, the judge concluded that the victim was unavailable and that the defendant had had an adequate opportunity to cross-examine the victim at the earlier suppression hearing.[5]  We agree.

_____

evaluate the truth of the prior statement unless a burden was satisfied at the prior hearing.  But whether an earlier fact finder credited the testimony has no bearing on the current fact finder's own credibility determination.  Accordingly, we have allowed the admission of prior recorded testimony against a defendant at trial where the Commonwealth did not satisfy a burden of proof at the earlier proceeding.  See Commonwealth v. Trigones, 397 Mass. 633, 635-636, 640 (1986) (testimony from hearing on defendant's denied motion to suppress admissible when offered by Commonwealth).  And under Mass. G. Evid. § 804(b)(1) (2019), the hearsay exception for prior recorded testimony includes testimony given "at a . . . lawful deposition."  See Hasouris v. Sorour, 92 Mass. App. Ct. 607, 607-608 (2018).  The proponent of former testimony taken at a deposition cannot have satisfied a burden of proof at the prior proceeding.

The defendant also argues that we should require "a direct accusation against the defendant" at the prior proceeding that "matches the risk to follow at trial."  Otherwise, a defendant might avoid at the earlier hearing issues relevant to trial, not realizing that the hearing testimony will later be admitted.  Our inquiry into whether "the defendant had reasonable opportunity and similar motivation on the prior occasion for cross-examination of the declarant" addresses this concern.  Commonwealth v. Caruso, 476 Mass. 275, 293-294 (2017).

[5] The judge also concluded that the victim's prior testimony was not unreliable.  However, if prior testimony meets the above-mentioned requirements for unavailability, see Mass. G. Evid. § 804(a) (2019); the prior recorded testimony exception to the rule against hearsay, see Mass. G. Evid. § 804(b)(1); and the confrontation clause, then it is for the jury, not the judge, to decide whether the out-of-court declarant's testimony is reliable.  The judge's approach is understandable considering our decision in Arrington, 455 Mass. at 442, in which "we focus[ed] on the reliability of [a declarant's] testimony" from a prior hearing when deciding whether the prior testimony

The victim was unavailable to testify at trial because he was deceased.  See Commonwealth v. Rosado, 480 Mass. 540, 549 n.8 (2018), citing Mass. G. Evid. § 804(a)(4).  At the suppression hearing, the victim was under oath, the defendant was represented by counsel, and the hearing was before a record-keeping tribunal.  Although the issue at the suppression hearing and the defendant's motive for examining the victim at that hearing were not precisely the same as they would be at trial, the issue was "substantially the same" and the motive was "similar."  Caruso, 476 Mass. at 293.

We agree with the judge that "the issue was [the victim]'s identification of [the defendant], regardless of whether it consisted of attacking the procedure the police utilized or attacking [the victim]'s credibility, which, in fact, defense

---

"qualifie[d] as an exception to the hearsay rule."  We observed that, due to the declarant's "fragile" health "and the effects of her medication," the judge in the prior hearing "did not deem [her] testimony reliable."  Id. at 443.  However, we also concluded that "defense counsel did not have a reasonable opportunity at the [prior] hearing to cross-examine" the declarant.  Id. at 445.  We based our decision to exclude the prior recorded testimony on this lack of a reasonable opportunity to cross-examine, not on the prior testimony's unreliability.  Id. at 446 (prior recorded testimony not admissible as exception to hearsay rule because "although the defendant had a similar motivation for cross-examining [the declarant] at the [prior] hearing, he lacked a reasonable opportunity to conduct that cross-examination").  We disavow Arrington to the extent it suggests reliability is a separate factor when analyzing the hearsay exception for prior recorded testimony.

counsel attempted to do."  Cf. Hurley, 455 Mass. at 63 n.9

("there may be circumstances in which a defense counsel's motive

to cross-examine a declarant at a pretrial detention hearing may

differ from her motive to cross-examine at trial, such as where

the defense counsel did not challenge the declarant's accuracy

or credibility at cross-examination in the prior hearing").[6]

Although the defendant technically examined the victim on

direct rather than on cross-examination at the suppression

hearing, the purpose of calling the victim as a witness was to

discredit his out-of-court identification.  See Commonwealth v.

Bresilla, 470 Mass. 422, 433 (2015), quoting Commonwealth v.

Echavarria, 428 Mass. 593, 596 (1998) (to succeed on motion to

suppress out-of-court identification, defendant must prove "the

identification procedures were so unnecessarily suggestive and

conducive to irreparable mistaken identification as to deny the

defendant due process of law" [quotations omitted]).

Accordingly, defense counsel asked the victim leading questions,

emphasized the victim's intoxication on the night of the

stabbing, suggested the victim had only seconds to view the

---

[6] We do not mean to suggest that there must be cross-examination at the prior proceeding for the prior recorded testimony exception to apply.  "Actual cross-examination at the prior [proceeding] is not required, but the party against whom the testimony is now offered must have had an adequate opportunity to exercise the right to cross-examine if desired." Commonwealth v. Canon, 373 Mass. 494, 500 (1977), cert. denied, 435 U.S. 933 (1978).

defendant in the bar, used the victim's past drug addiction to refute the victim's testimony that he was clear-headed when he identified the defendant in a photographic array, and impeached the defendant with prior inconsistent statements.  This questioning "partook of cross-examination as a matter of form" (emphasis omitted).  Ohio v. Roberts, 448 U.S. 56, 70 (1980), overruled on other grounds by Crawford v. Washington, 541 U.S. 36 (2004).  See Commonwealth v. Wholaver, 605 Pa. 325, 358, cert. denied, 562 U.S. 933 (2010) ("rationale [in Roberts] that the preliminary hearing questioning served the function of cross-examination remains persuasive for purposes of evaluating whether Crawford's cross-examination requirement has been met").  See also Mass. G. Evid. § 804(b)(1) (prior recorded testimony not excluded by rule against hearsay where, inter alia, it is "offered against a party who had . . . an opportunity and similar motive to develop it by direct, cross-, or redirect examination" [emphasis added]).

The judge's conclusions should have led him to decide that the transcript was admissible because it satisfied the hearsay exception for prior recorded testimony and the constitutional restraints on that exception.  However, the judge excluded the victim's prior testimony because the defendant and the victim "did not meet face to face in the prior proceeding."  Article 12 provides defendants with the right to confront face to face at

trial the witnesses against them.  Commonwealth v. Amirault, 424 Mass. 618, 632 (1997), S.C., 430 Mass. 169 (1999).  We do not address whether there is a right to face-to-face confrontation at a motion to suppress, see SCVNGR, Inc. v. Punchh, Inc., 478 Mass. 324, 330 (2017) ("courts should, where possible, avoid unnecessary constitutional decisions"), because the defendant waived any such right by asking to avoid a face-to-face confrontation.  See Amirault, supra at 651 n.23 ("right to face-to-face confrontation is not unwaivable").

In an affidavit supporting his motion to remain out of view, the defendant expressly waived his right to be present at the suppression hearing.  See Mass. R. Crim. P. 18 (a), 378 Mass. 887 (1979) (criminal defendant has right to be present "at all critical stages of the proceedings").  See also Robinson v. Commonwealth, 445 Mass. 280, 286 (2005) ("defendant may waive the right to be present at critical stages of the proceedings"). In doing so, he chose to avoid confronting face to face the witnesses who testified against him at the hearing.  See Amirault, 424 Mass. at 651 n.23.  Cf. Commonwealth v. Spear, 43 Mass. App. Ct. 583, 589 n.8 (1997), citing Amirault, supra at 623, 626, 645-646 ("confrontation issue [was] waived [in Amirault] where . . . defense counsel participated in designing special seating configuration and specifically declined to challenge the arrangement on confrontation clause grounds").

The judge erred in precluding the prior testimony despite this waiver.

We disagree with the judge's conclusion that the defendant "cannot be deemed to have freely waived one constitutional right because he properly chose . . . to exercise another" by sitting out of view.  Even if we were to decide that there is a right to sit out of view at a hearing on a motion to suppress, which we decline to do here, exercising that right would not prevent the defendant from waiving his right to face-to-face confrontation. "[T]he right to confront witnesses is not absolute."  Amirault, 424 Mass. at 633, quoting Commonwealth v. Bergstrom, 402 Mass. 534, 546 (1988).  It "may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process."  Commonwealth v. Farley, 443 Mass. 740, 748, cert. denied, 546 U.S. 1035 (2005), quoting Commonwealth v. Francis, 375 Mass. 211, 214, cert. denied, 439 U.S. 872 (1978).  The defendant's interest in remaining out of view during the hearing on his motion to suppress his identification superseded any right he might have had to face-to-face confrontation.

The defendant suggests that he needed to sit out of view to challenge the constitutionality of various out-of-court identifications.  He analogizes, as did the judge, to cases in which a defendant waived the right under the Fifth Amendment to the United States Constitution against compelled self-

incrimination in order to assert the right to be free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution. See Simmons v. United States, 390 U.S. 377, 389-394 (1968); Commonwealth v. Amendola, 406 Mass. 592, 596-600 (1990). But those cases addressed situations in which a defendant had to give up one constitutional right to assert another. See Simmons, supra at 381 (to establish standing for motion to suppress evidence, defendant testified that suitcase with incriminating items belonged to him); Amendola, supra at 600 (discussing "self-incrimination dilemma"). Here, the defendant could have challenged the out-of-court identifications without giving up any right he might have had to face-to-face confrontation. The decision to sit out of view was merely tactical.

Finally, to the extent the judge was influenced by the defendant having chosen to remain out of view "on his counsel's advice," we observe that the "right to face-to-face confrontation" is not on the "very short list of rights . . . that must be waived personally by a defendant and cannot be waived by his counsel." Amirault, 424 Mass. at 651 n.23. See Commonwealth v. Myers, 82 Mass. App. Ct. 172, 182-183 (2012). Cf. Commonwealth v. Morganti, 467 Mass. 96, 102, cert. denied, 135 S. Ct. 356 (2014) ("trial counsel may waive the right [to an

open court room] on his own as a tactical decision without informing his client").[7]

Conclusion.  For the foregoing reasons, the judgment of the single justice is set aside, and the case is remanded to the county court for entry of a judgment vacating the order allowing the defendant's motion in limine to exclude the victim's prior recorded testimony.

So ordered.

---

[7] The defendant asserts that a waiver of the right to confrontation should always require a knowing and voluntary act by the defendant.  We decline to adopt such a rule.