NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13337

IN THE MATTER OF AN IMPOUNDED CASE.


September 28, 2023.


Supreme Judicial Court, Superintendence of inferior courts.
     Incompetent Person, Commitment.  Due Process of Law,
     Commitment.


     The petitioner appeals from a judgment of a single justice
of this court denying a petition pursuant to G. L. c. 211, § 3.
We affirm.

     The petitioner has been charged in a complaint with one
count of assault and battery, in violation of G. L. c. 265,
§ 13A (a), and one count of witness intimidation, in violation
of G. L. c. 268, § 13B.  At the petitioner's arraignment, the
petitioner's counsel requested that the petitioner undergo a
competency evaluation, pursuant to G. L. c. 123, § 15 (a).  The
petitioner was released on personal recognizance and returned to
court two days later to be evaluated by a court clinician.  On
the basis of that evaluation, he was then involuntarily
committed to Tewksbury State Hospital for twenty days, pursuant
to G. L. c. 123, § 15 (b), for further evaluation.  A doctor
evaluated both the petitioner's competency to stand trial and
his criminal responsibility and submitted a report to the court
recommending that the petitioner be found incompetent to stand
trial and that he remain in the hospital.  At a hearing held
nineteen days later, the petitioner's counsel stipulated to
incompetency but objected to further commitment.  Over the
petitioner's objection, he was involuntarily committed for an
additional thirty days, pursuant to G. L. c. 123, § 16 (a).

     Four days after that hearing, the petitioner filed his
G. L. c. 211, § 3, petition in the county court, asking the

single justice to vacate the involuntary commitment order.  The petitioner argued that his involuntary commitments, first pursuant to G. L. c. 123, § 15 (b), and then pursuant to G. L. c. 123, § 16 (a), violated his due process rights.  In particular, the petitioner stated that both statutes are silent as to the standard of proof necessary to demonstrate that involuntarily commitment is warranted.  In its opposition to the petition, the Commonwealth argued that relief pursuant to G. L. c. 211, § 3, was not appropriate where the petitioner had an adequate alternative avenue for seeking relief, a point which the petitioner failed to address in the petition.  A single justice denied the petition without a hearing.

In his appeal from the single justice's judgment, the petitioner argues that relief pursuant to G. L. c. 211, § 3, is appropriate both because he has no adequate alternative remedy and because his case "presents the type of exceptional matter that requires the court's extraordinary intervention." Commonwealth v. Fontanez, 482 Mass. 22, 25 (2019).  In considering a petition pursuant to G. L. c. 211, § 3, a single justice "must decide, in his or her discretion, whether to review 'the substantive merits of the . . . petition.'"  Id. at 24, quoting Commonwealth v. Baldwin, 476 Mass. 1041, 1042 n.2 (2017).  The focus of this initial step is to answer the threshold question "whether to employ the court's power of general superintendence to become involved in the matter." Fontanez, supra.  The single justice is not required to exercise the court's extraordinary power of general superintendence if the petitioner has an adequate alternative remedy.  Id. at 24-25.  Additionally, where "the single justice exercises discretion not to reach the merits of a petition, the appeal to the full court 'is strictly limited to a review of that ruling,' Commonwealth v. Samuels, 456 Mass. 1025, 1027 n.1 (2010), and the full court asks only whether the single justice abused his or her discretion in making that decision."  Commonwealth v. Rodriguez, 484 Mass. 1047, 1049 (2020).

Here, it is clear that the petitioner has an adequate remedy.  Pursuant to G. L. c. 123, § 9 (a), "[m]atters of law arising in commitment hearings . . . or incompetency for trial proceedings in a district court may be reviewed by the appellate division of the district courts in the same manner as the civil cases generally."  Although the petitioner recognizes this avenue for review, he argues that it is not adequate because an appeal to the Appellate Division would not, in his view, provide timely or effective relief.  As he himself notes, however, he could have requested an expedited review of his appeal.

Instead, he filed this G. L. c. 211, § 3, petition (where, again, he failed to address the adequate alternative remedy issue).[1]  "Relief under G. L. c. 211, § 3, is properly denied where there are adequate and effective routes other than c. 211, § 3, by which the petitioning party may seek relief."  Greco v. Plymouth Sav. Bank, 423 Mass. 1019 (1996).  In this case, the petitioner's remedy lay with the Appellate Division.

The single justice did not err or abuse his discretion in denying relief under G. L. c. 211, § 3.

Judgment affirmed.

The case was submitted on briefs.
Karen Owen Talley, Committee for Public Counsel Services, for the petitioner.
Catherine Langevin Semel, Assistant District Attorney, for the Commonwealth.

---

[1] As both parties note, there is another case currently pending before the full court that involves the issue of the applicable standard of proof relevant to G. L. c. 123, § 15, Commonwealth vs. A.Z., SJC-13455.  That case, however, is before the court on a different footing.  Like the petitioner here, A.Z. filed a petition pursuant to G. L. c. 211, § 3, seeking review of a § 15 (b) commitment order.  A single justice denied the petition on the basis of adequate alternative remedy.  A.Z. then pursued that remedy, i.e., by appealing from the District Court's commitment order to the Appellate Division.  The Appellate Division affirmed the District Court's order, and A.Z. appealed from that judgment.  This court subsequently allowed A.Z.'s application for direct appellate review.