NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13424

DOUGLAS VonIDERSTEIN, trustee,[1] & another[2]  vs.  ARA ERESIAN,
JR., & another.[3]


November 6, 2023.


Supreme Judicial Court, Superintendence of inferior courts.
    Arrest.  Practice, Criminal, Warrant.  Land Court,
    Jurisdiction.  Jurisdiction, Land Court.  Judgment,
    Enforcement.


    Douglas and Linda VonIderstein, as trustees of the
VonIderstein Realty Trust (petitioners), appeal from a judgment
of the county court denying, without a hearing, their petition
for extraordinary relief under G. L. c. 211, § 3.  We affirm.

    The petitioners are the defendants in a Land Court action
commenced in 2013 by RY-CO International, Ltd. (RY-CO), one of
the respondents in this matter.  On the petitioners' motion, RY-
CO's complaint was dismissed.  That judgment was affirmed by the
Appeals Court, RY-CO Int'l, Ltd. v. VonIderstein, 89 Mass. App.
Ct. 1130 (2016), and this court denied further appellate review.
477 Mass. 1110 (2017).  RY-CO's subsequent motion for relief
from the judgment pursuant to Mass. R. Civ. P. 60 (b) (6), 365
Mass. 828 (1974), was denied.  The Appeals Court not only
affirmed that order but also ruled that RY-CO's appeal was
frivolous and awarded attorney's fees and costs to the
petitioners.  RY-CO Int'l, Ltd. v. VonIderstein, 95 Mass. App.

---

[1] Of VonIderstein Realty Trust.

[2] Linda VonIderstein, trustee of VonIderstein Realty Trust.

[3] RY-CO International, Ltd.

Ct. 1113 (2019).[4]  The petitioners have since been attempting to enforce that award in the Land Court.  To that end, they obtained an order requiring Ara Eresian, Jr., who is the president of RY-CO and the other respondent in this matter, to identify all real estate in which he holds an interest.  Eresian did not comply with that order, and a judgment of civil contempt entered.  In addition, a capias issued for Eresian's arrest.  The petitioners, alleging that Eresian was evading service of the capias, requested that the Land Court judge issue an arrest warrant authorizing entry into his home.  The Land Court judge denied that request.  Sometime thereafter, after the petitioners' attorney represented that Eresian was continuing to evade service, the judge stated that "[i]f the [petitioners] seek a criminal warrant for Ara Eresian, Jr., from [the] court, they must provide the court with a memorandum detailing the grounds and authority [the] court has to issue such a warrant."  The petitioners did not file such a memorandum.  Instead, they filed their petition for relief under G. L. c. 211, § 3, requesting that the single justice issue an order authorizing the Land Court judge to issue an arrest warrant.  The single justice denied relief without a hearing.  In a subsequent memorandum, the single justice stated that the petitioners had not demonstrated that they lacked an adequate alternative remedy or that their petition "present[ed] the type of exceptional matter that requires the court's extraordinary intervention." Commonwealth v. Fontanez, 482 Mass. 22, 25 (2019).

The petitioners have filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001).  That rule does not apply in these circumstances, as there is no "challenged interlocutory ruling in the trial court."  S.J.C. Rule 2:21 (1).  The Land Court judge's denial of the request for an arrest warrant was not an interlocutory ruling, as the case in the Land Court has gone to final judgment.  See Scott v. WM Oak Grove Village, LLC, 488 Mass. 1019, 1020 (2021).  Neither the request nor the denial disturbed the finality of the judgment dismissing RY-CO's complaint.  Moreover, to the extent that the petition might be interpreted not as a direct challenge to the judge's denial of the petitioners' request but as a new and independent request that the single justice authorize the judge to issue an arrest warrant, there is likewise no challenged interlocutory ruling of the trial court.

---

[4] It appears that RY-CO filed a letter expressing its intent to apply for further appellate review after this decision by the Appeals Court.  However, it did not file an application.

Nonetheless, it is clear on the record before us that the single justice did not err or abuse his discretion by denying relief.

As the parties seeking to invoke this court's extraordinary power, the petitioners bore the burden of "demonstrat[ing] both '"error that cannot be remedied under the ordinary review process" and a "substantial claim of violation of [his] substantive rights."'" Ardaneh v. Commonwealth, 492 Mass. 1019, 1020 (2023), quoting Care & Protection of Zita, 455 Mass. 272, 277-278 (2009). See Planned Parenthood League of Mass., Inc. v. Operation Rescue, 406 Mass. 701, 706 (1990). The petitioners scarcely addressed this requirement in their petition, merely asserting that Eresian's conduct showed that only the single justice could grant the relief they needed. They offered no reason why they could not have appealed to the Appeals Court from the denial of their request for an arrest warrant, nor did they explain in their petition their failure to file the written memorandum suggested by the judge, which might have persuaded him to issue the warrant.[5] Where the petitioners failed to make the required showing that they lacked an adequate alternative remedy, the single justice neither erred nor abused his discretion by denying extraordinary relief.

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

David J. Fine for the petitioners.

---

[5] The petitioners now state that they were unable to find any authority showing that the Land Court judge had the power to issue an arrest warrant. Even if this meant that filing a written memorandum would not have been an adequate remedy, an issue we do not decide, this argument was not presented in their petition. The single justice cannot have abused his discretion by failing to consider an argument that was not made before him. Moreover, if indeed the Land Court judge lacked authority to issue an arrest warrant, the single justice could not have been obligated to order him to do so.