SUPREME JUDICIAL COURT 
 
 VALENTINA GORBATOVA vs. LYNN DIVISION OF THE DISTRICT COURT DEPARTMENT[1]

 
 Docket:
 SJC-13680
 
 
 Dates:
 April 8, 2025
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 Supreme Judicial Court, Superintendence of inferior courts
 
 

             Valentina Gorbatova (petitioner) appeals from a judgment of the county court denying, without a hearing, her petition for extraordinary relief from decisions of the District Court.  We affirm.
            The city of Lynn (city) issued three municipal citations to the petitioner, alleging violations of the State sanitary code and a public nuisance.  After a hearing before a clerk-magistrate in the District Court, the two sanitary code violations were upheld.  The public nuisance violation was dismissed.  The petitioner attempted to appeal as to the upheld violations, but the appeal was denied pursuant to G. L. c. 40, § 21D.[2]  In her petition to the county court, the petitioner argued that the clerk-magistrate erred in various respects.[3]  Treating the petition as one seeking relief pursuant to G. L. c. 211, § 3, the single justice denied it, as well as a number of motions filed by the petitioner, without addressing the merits, on the ground that the circumstances did not warrant the exercise of the court's extraordinary powers.  The petitioner appeals from that judgment.
            Where, as here, the single justice denies relief without reaching the merits of the petition, "the appeal to the full court 'is strictly limited to a review of that ruling,' and the full court asks only whether the single justice abused his or her discretion in making that decision" (citations omitted).  Boone v. Commonwealth, 494 Mass. 1011, 1012–1013 (2024).  An abuse of discretion occurs where "the judge made 'a clear error of judgment in weighing' the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives.'"  Commonwealth v. Jones, 478 Mass. 65, 69 (2017), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).  There was no abuse of discretion here.  The petitioner sought relief from routine decisions in the District Court concerning sanitary code violations.  Although the petitioner makes several claims of error and argues that these errors were important enough to warrant extraordinary relief, the single justice was not obligated to agree.[4]  The single justice was well within her discretion to conclude that this case did not "present[] the type of exceptional matter that requires the court's extraordinary intervention."  Commonwealth v. Fontanez, 482 Mass. 22, 25 (2019).  In addition, the petitioner, seeking extraordinary relief, bears the burden of demonstrating that she has no adequate alternative remedy.  See, e.g., VonIderstein v. Eresian, 493 Mass. 1006, 1007 (2023), citing Ardaneh v. Commonwealth, 492 Mass. 1019, 1020 (2023).  The petitioner fails to address this issue in her brief.  As the petitioner was not entitled to extraordinary relief, the single justice did not abuse her discretion or commit any other error of law.
            Judgment affirmed.
            The case was submitted on briefs.
            Valentina Gorbatova, pro se.
 
footnotes

 
            [1] Pursuant to S.J.C. Rule 2:22, 422 Mass. 1302 (1996), we treat the District Court as a nominal party.
            [2] General Laws c. 40, § 21D, provides in part that if a violation is found after a hearing, the person charged with the violation may "dispose of the case by paying the specific sum of money fixed as a penalty . . . or such lesser amount as the judge, clerk or assistant clerk shall order, which payment shall operate as a final disposition of the case," but if the person charged does not pay, "the clerk shall notify the enforcing person who issued the original notice, who shall determine whether to apply for the issuance of a complaint for the violation of the appropriate ordinance, by-law, rule or regulation."  It is unclear on the record whether the petitioner has paid any fine ordered by the clerk-magistrate.
            [3] The petitioner did not name the city as a respondent, nor did she make service on the city, as our rules require.  See S.J.C. Rule 2:22 ("Any petition seeking to invoke the general superintendency power of the court . . . shall name as respondents and make service upon all parties to the proceeding before the lower court . . .").  This presents a further reason not to disturb the single justice's judgment. 
            [4] We express no view on the merits of the petitioner's claims.