SUPREME JUDICIAL COURT 
 
 RAYMOND WILSON, THIRD vs. COMMERCE INSURANCE COMPANY

 
 Docket:
 SJC-13628
 
 
 Dates:
 May 30, 2025
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 Supreme Judicial Court, Superintendence of inferior courts.
 
 

       Raymond Wilson, III, appeals from a
judgment of the county court denying, without a hearing, his petition for
relief under G. L. c. 211, § 3. 
We affirm.
      In November 2023, Wilson commenced an
action in the District Court against Commerce Insurance Company
(Commerce).  On Commerce's motion,
Wilson's complaint was struck and dismissed in January 2024 by a District Court
judge (first judge).  Wilson filed a
notice of appeal (merits appeal) and a request for waiver of fees due to
indigency.  The latter request was
referred to a different District Court judge, who denied it.  Wilson filed a notice of appeal as to that
decision as well (indigency appeal). 
Commerce moved to strike and to dismiss the indigency appeal.  The first judge allowed that motion and
ordered that all future filings submitted by Wilson be reviewed by a
clerk-magistrate or judge for compliance with the rules of court and that
noncompliant filings not be docketed. 
Wilson attempted to file a notice of appeal from that order, but the
first judge ordered that it not be docketed and that Wilson pay Commerce a
reasonable attorney's fee of $250. 
Wilson's G. L. c. 211, § 3, petition ensued.  The single justice denied relief without
reaching the merits on the ground that he found no exceptional circumstances
warranting the exercise of the court's extraordinary power.
      Where, as here, the single justice denies
relief without reaching the merits of the petition, "the appeal to the
full court 'is strictly limited to a review of that ruling,' . . . and the full
court asks only whether the single justice abused his or her discretion in
making that decision" (citations omitted). 
Boone v. Commonwealth, 494 Mass. 1011, 1012–1013 (2024).  An abuse of discretion occurs where "the
judge made 'a clear error of judgment in weighing' the factors relevant to the
decision, such that the decision falls outside the range of reasonable alternatives.'"  Commonwealth v. Jones, 478 Mass. 65, 69
(2017), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).  Wilson has shown no abuse of discretion
here.  Although Wilson lodges several
objections regarding the District Court proceedings, the single justice was not
obligated to find those objections "important enough to warrant
extraordinary relief."  Gorbatova v.
Lynn Div. of the Dist. Ct. Dep't, 495 Mass. 1036, 1037 (2025).  "The single justice was well within
[his] discretion to conclude that this case did not 'present[] the type of exceptional
matter that requires the court's extraordinary intervention.'"  Id., quoting Commonwealth v. Fontanez, 482
Mass. 22, 25 (2019).  Because Wilson was
not entitled to extraordinary relief, the single justice neither erred nor
abused his discretion.
Judgment
affirmed.
      The case was submitted on briefs.
      Raymond Wilson, III, pro se.
      Bruce Medoff for the defendant.