NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13858

COMMONWEALTH  vs.  WAYNE LeBLANC.


April 9, 2026.


Supreme Judicial Court, Superintendence of inferior courts.
     Practice, Criminal, Motion in limine.  Evidence,
     Conversation between husband and wife.



     The Commonwealth appeals from the judgment of a single
justice of this court denying its petition for extraordinary
relief pursuant to G. L. c. 211, § 3, whereby it sought relief
from the order of a District Court motion judge denying its
motion in limine to admit in evidence out-of-court statements of
the alleged victim pursuant to the doctrine of forfeiture by
wrongdoing.  We affirm.

     Background.  In May 2025, the respondent, Wayne LeBlanc,
was arraigned in the Waltham Division of the District Court on
criminal charges arising from the Commonwealth's allegations
that while in an argument with the alleged victim, who was his
spouse, LeBlanc punched the window of a vehicle in which his
spouse was present and broke the vehicle's side mirror, and
further, that on an earlier date, LeBlanc pointed a firearm at
his spouse, threatened her, then fired a bullet into a nearby
street sign.[1]  During the pendency of the criminal case, LeBlanc

---

[1] Specifically, LeBlanc was charged in the underlying
criminal case with malicious damage to a motor vehicle, in
violation of G. L. c. 266, § 28 (a); assault by means of a
dangerous weapon, in violation of G. L. c. 265, § 15B (b);
witness intimidation, in violation of G. L. c. 268, § 13B;
threatening to commit a crime, in violation of G. L. c. 275,
§ 2; discharging a firearm within 500 feet of a building, in

was held in pretrial detention for dangerousness pursuant to
G. L. c. 276, § 58A.

In September 2025, the Commonwealth moved to admit out-of-
court statements made to police by LeBlanc's spouse on the
ground of forfeiture by wrongdoing.  In its motion, the
Commonwealth alleged that, while in pretrial detention, LeBlanc
called his spouse by telephone "140 times," in violation of a
court order forbidding contact with her, and that, in five[2] of
those calls, made using another inmate's personal identification
number, he intentionally encouraged her not to testify against
him.[3]  The Commonwealth's motion relied not only on its summaries
and quotations from the six calls at issue but also on the calls
themselves, recordings of which were submitted to the District
Court motion judge.

After the Commonwealth's motion was filed but before the
motion judge ruled on it, LeBlanc's spouse exercised her spousal
privilege not to testify.  See, e.g., Commonwealth v. Garcia,
476 Mass. 822, 825-826 (2017); Mass. G. Evid. § 504(a) (2025).

The motion judge denied the Commonwealth's motion in
limine.  In her decision, the judge noted that she had listened
to the six calls at issue "in their entirety."  Specifically,

---

violation of G. L. c. 269, § 12E; carrying a loaded firearm
without a license, in violation of G. L. c. 269, § 10 (n);
possessing a firearm without a firearm identification (FID)
card, in violation of G. L. c. 269, § 10 (h) (1); carrying a
firearm without a license, in violation of G. L. c. 269,
§ 10 (a); and defacing property, in violation of G. L. c. 266,
§ 126.

[2] The Commonwealth also alleged that LeBlanc made a sixth
call, not to his spouse but to another person, who said after
some discussion that LeBlanc's spouse should recant, and LeBlanc
then told that person to talk to her.

[3] The record appendix before this court indicates that on
the basis of these allegations, the Commonwealth applied on
October 29, 2025, for a criminal complaint against LeBlanc, and
the electronic docket indicates that a complaint charging
LeBlanc with witness intimidation, in violation of G. L. c. 268,
§ 13B, issued that same day.  See Donald v. Commonwealth, 494
Mass. 1016, 1017 (2024), citing Mushwaalakbar v. Commonwealth,
487 Mass. 627, 631-632 (2021) (court may take judicial notice of
docket entries).

the judge found that LeBlanc's spouse had made clear from the outset of the case that she did not intend to cooperate with the prosecution and that she had initiated contact with LeBlanc while he was in pretrial detention. Relying on the recorded calls, the judge found that LeBlanc's spouse exercised her spousal privilege "without influence from the [d]efendant," and that the exercise of the privilege was "not the product of any undue influence, coercion or manipulation by the [d]efendant." Nevertheless, the judge acknowledged LeBlanc's "repeated requests" to his spouse "that she recant her statements."

The Commonwealth moved for reconsideration, arguing that collusion between LeBlanc and his spouse sufficed to invoke the doctrine of forfeiture by wrongdoing. See Commonwealth v. Szerlong, 457 Mass. 858, 861 (2010), cert. denied, 562 U.S. 1230 (2011), quoting Commonwealth v. Edwards, 444 Mass. 526, 541 (2005) ("Where a defendant actively assists a witness's efforts to avoid testifying, with the intent to keep the witness from testifying, forfeiture by wrongdoing may be established 'regardless of whether the witness already decided on [her] own not to testify'" [quotation omitted]). The Commonwealth's motion was denied.[4]

In October 2025, the Commonwealth petitioned a single justice of this court pursuant to G. L. c. 211, § 3, for relief from the order denying its motion in limine. In its petition, the Commonwealth argued that it lacked an adequate alternative remedy, but apart from an assertion that it would be "irreparably prejudiced," the Commonwealth did not argue that the order at issue presented extraordinary circumstances. As to the merits of its petition, the Commonwealth argued that the motion judge erred in concluding that forfeiture by wrongdoing did not apply where LeBlanc's spouse had made clear from the outset that she did not want to testify. In support of this argument, the Commonwealth relied in part on its own representations regarding the content of at least one of the calls at issue and also challenged in part the motion judge's findings of fact regarding the nature of the calls. Nevertheless, the Commonwealth did not submit to the single justice any of the recordings of the calls at issue. In opposing the petition, LeBlanc argued that the Commonwealth "failed to present . . . any exceptional circumstance."

---

[4] LeBlanc represented to the single justice that at the hearing on the Commonwealth's motion for reconsideration, the motion judge clarified that she found no collusion between LeBlanc and his spouse.

The single justice concluded that the Commonwealth had not demonstrated exceptional circumstances requiring extraordinary intervention pursuant to G. L. c. 211, § 3.[5]  In this appeal from the judgment of the single justice, the Commonwealth argues that the single justice abused his discretion in concluding that the case did not present extraordinary circumstances.  In support of this contention, it asserts that the motion judge's order effectively terminated a prosecution based on charges arising from serious allegations of domestic violence and effectively rewarded LeBlanc for his purported misconduct.

Discussion.  We review the decision of the single justice pursuant to G. L. c. 211, § 3, for clear error of law or abuse of discretion.  See Perrier v. Commonwealth, 489 Mass. 28, 30 (2022).  As a threshold matter, "[a] single justice faced with a G. L. c. 211, § 3, petition . . . must decide, in his or her discretion, whether to review the substantive merits of the . . . petition" (quotation and citation omitted).  Commonwealth v. Fontanez, 482 Mass. 22, 24 (2019).  While "a cursory look at the merits might help the single justice decide whether the petition is suitable for review," he or she "does not determine in this initial step whether the challenged ruling was erroneous."  Id.  Instead, "the focus . . . is on . . . whether to employ the court's power of general superintendence to become involved in the matter."  Id.  "The single justice is not required to become involved if the petitioner has an adequate alternative remedy or if the single justice determines, in his or her discretion, that the subject of the petition is not sufficiently important and extraordinary as to require general superintendence intervention."  Id. at 24-25.

It is thus "well within a single justice's discretion to decline to review a routine evidentiary ruling, regardless of whether the decision was erroneous."  Fontanez, 482 Mass. at 26.  And where the Commonwealth is the petitioner, "[e]ven if [it] has no other remedy," it "must still demonstrate to the single justice that its petition presents the type of exceptional matter that requires the court's extraordinary intervention."  Id. at 25.  Exceptional circumstances might exist where the Commonwealth's petition involves a lower court ruling that

---

[5] The original judgment issued on November 14, 2025.  On November 20, a corrected judgment issued to the same effect, removing a single sentence and citation not relevant to the questions discussed herein.

"effectively forecloses the Commonwealth's ability to prosecute a serious crime." Id. at 26. See id. at 25-26.

"In cases such as this one, where the single justice exercises discretion not to reach the merits of a petition, . . . the full court asks only whether the single justice abused his or her discretion in making that decision" (quotation and citation omitted). Boone v. Commonwealth, 494 Mass. 1011, 1012-1013 (2024).

"[T]he single justice was not obligated to find on this record that [exceptional circumstances] did exist." Commonwealth v. Rodriguez, 484 Mass. 1047, 1049 (2020). See Commonwealth v. Dilworth, 485 Mass. 1001, 1002-1003 (2020), S.C., 494 Mass. 579 (2024). The Commonwealth's petition failed to argue exceptional circumstances except in a conclusory fashion. See Commonwealth v. Pond, 492 Mass. 542, 545 (2023) ("the Commonwealth does not articulate how the motion judge's . . . ruling . . . amounts to an exceptional circumstance"); Dilworth, supra at 1003 n.4 (finding general averment to single justice insufficient to establish exceptional circumstances). The petition did not describe how the motion judge's order would preclude the prosecution of the various charges against the defendant from proceeding, and it did not explain the extent or weight of the evidence remaining after the motion judge's exclusion of the out-of-court statements, though it noted that there was at least some other evidence in the form of LeBlanc's statements to police. Cf. Fontanez, 482 Mass. at 27-28 (finding exceptional circumstances where excluded evidence was "important enough" and remaining evidence "weak enough"). Indeed, the Commonwealth's petition provided the single justice with only a brief summary of the out-of-court statements it sought to admit. In sum, the Commonwealth left the single justice with insufficient information to weigh the evidence and determine whether the ruling was more than a routine evidentiary determination. The single justice was not required to presume that it was:

> "No less than other litigants, it is incumbent on the Commonwealth not merely to make allegations but to substantiate them in the record before the single justice. . . . We cannot fault the single justice for not finding an exceptional circumstance based on information he did not have before him."

Rodriguez, supra at 1049 n.2. See also Pond, supra; Dilworth, supra; Linardon v. Boston Hous. Auth., 487 Mass. 1006, 1007

(2021) (noting "single justice" not "required to rely on the bare, unsupported allegations of a petition").

What is more, as part of his "cursory look at the merits" to determine "whether the petition [was] suitable for review," the single justice might properly have concluded that the Commonwealth provided an insufficient record to address its arguments. Fontanez, 482 Mass. at 24. The Commonwealth asserts that its argument rests on a purported error of law. Nevertheless, in its petition to the single justice, the Commonwealth relied on representations about the content of at least one of the telephone calls at issue, and it also challenged the motion judge's finding, based on her review of the recordings of those calls, that LeBlanc's spouse exercised her privilege voluntarily. Specifically, the Commonwealth contended that the content and volume of the calls "cast serious doubt on the voluntariness" of LeBlanc's spouse's refusal to testify.

The Commonwealth did not, however, provide the single justice with the recordings that it submitted to the motion judge and on which the motion judge relied in issuing the challenged ruling. See Commonwealth v. Tremblay, 480 Mass. 645, 646 (2018) ("an appellate court may independently review documentary evidence"); Edwards, 444 Mass. at 546 ("Having listened to the recordings in full, we are of the opinion that they provide significant additional insight and evidence relevant to the application of the forfeiture by wrongdoing doctrine . . . and that their full import cannot be gleaned from the Commonwealth's summary of those calls"). On this record, the single justice might properly have declined to reach the merits of the petition due to the Commonwealth's failure to provide a record sufficient to address its arguments. See Rodriguez, 484 Mass. at 1049 n.2; Gorod v. Tabachnick, 428 Mass. 1001, 1001, cert. denied, 525 U.S. 1003 (1998) ("The petitioners did not create such a record, and so the single justice correctly denied their petition").

Because the Commonwealth failed to establish exceptional circumstances requiring general superintendence intervention, we affirm the judgment of the single justice denying the petition.

Judgment affirmed.

Hallie White Speight, Assistant District Attorney (Madison Bush, Assistant District Attorney, also present) for the Commonwealth.

David Rassoul Rangaviz (Kayla Weaton also present) for the respondent.